**Odessa GREGORY, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–912.**

United States Court of Veterans Appeals.

Oct. 31, 1994.

William G. Smith, Los Angeles, CA, was on the pleadings for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Adrienne Koerber, Deputy Asst. Gen. Counsel, and Paul J. Hutter, Washington, DC, were on the brief for appellee.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Judges. KRAMER, Judge, filed the opinion of the Court. STEINBERG, Judge, filed a dissenting opinion.

KRAMER, Judge:

On July 26, 1994, in a single-judge memorandum decision, the Court denied the appellant's application for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), 7 Vet.App. 22. On August 9, 1994, the appellant filed a motion for reconsideration or review by a panel of the Court. The Court grants the motion for review, vacates the July 26, 1994, memorandum decision, and in its stead issues this decision.

The appellant, Odessa Gregory, has applied for an award of attorney fees under the EAJA in connection with the representation of the appellant in this Court by William G. Smith in *Gregory v. Brown,* 5 Vet.App. 108 (1993). In response to the appellant's application, the Secretary has filed a brief in which he concedes the following issues: that the underlying appeal was pending before the Court on the date that the EAJA was

made applicable to the Court, *see* 28 U.S.C. § 2412 note (Application of 1992 Amendment to Pending Cases); that the appellant's application was timely filed pursuant to 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); that the appellant satisfies the net worth requirements of 28 U.S.C. § 2412(d)(2)(B)(i); that the appellant is a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A); and that there are no special circumstances as defined by 28 U.S.C. § 2412(d)(1)(A) making an award of attorney fees unjust. The only issue presented is whether the government's position was substantially justified within the meaning of 28 U.S.C. § 2412(d)(1)(A), (d)(2)(D). The Court determines that disposition of this matter is governed by the Court's precedent decision in *Stillwell v. Brown*, 6 Vet.App. 291 (1994). For the following reasons, the Court denies the appellant's EAJA application.

## I. Background

In March 1991, the Board of Veterans' Appeals (BVA or Board) denied the appellant recognition as the surviving spouse of the veteran for purposes of VA death benefits. The appellant appealed this decision to the Court on June 3, 1991. The Secretary filed a motion for summary affirmance in response to the appellant's informal brief. Because the case presented questions of first impression, the Court ordered supplemental briefing on April 13, 1992. William G. Smith entered his appearance as the appellant's attorney on June 29, 1992.

On May 13, 1993, the Court issued its decision in *Gregory, supra,* vacating the March 1991 BVA decision and remanding the matter for further proceedings. *Gregory* addressed the statutory and regulatory framework of 38 U.S.C. § 101(3) and 38 C.F.R. § 3.53 (1993). First, the Court upheld the BVA's determination that the appellant had not lived with the veteran continuously from the date of their marriage to the date of the veteran's death as not clearly erroneous. *Gregory,* 5 Vet.App. at 112. Second, the Court found the first sentence of § 3.53(a) unlawful in that the regulation measured only the fault of the spouse in the separation, whereas the statute measured both the spouse's and the veteran's conduct. *Id.* The Court also held that the spouse's conduct was

to be measured under this subsection only at the time of the separation, or subsequent to the separation only insofar as it bore upon the spouse's fault at the inception of the separation. *Id.*

## II. Analysis

The Court in *Stillwell, supra,* denied the application for EAJA fees, finding that the government's reliance upon 38 C.F.R. § 3.53(a) prior to the issuance of the *Gregory* decision was substantially justified. Equally applicable here, the Court in *Stillwell* stated:

> While the BVA incorrectly applied the law and erred in so doing, we are not oblivious to 38 C.F.R. § 3.53(b) [1993].... It is true that this provision is a shield to be used by a spouse, rather than a sword to be used against a spouse, in cases of separation by mutual consent not involving misconduct. Nevertheless, the VA may have reasonably, although incorrectly, inferred from the use of the word "desert" in 3.53(b), a need for continuing faultless conduct after separation in cases not involving separation by mutual consent. Cognizant of the fact that the statutory and regulatory framework presents a "confusing tapestry," *Hatlestad v. Derwinski,* 1 Vet.App. 164, 167 (1991); *Hyder v. Derwinski,* 1 Vet.App. 221, 224 (1991), in which the meaning is not easily discerned, the BVA's misinterpretation appears to be no more than a reasonable mistake.

*Stillwell,* 6 Vet.App. at 303 (citations omitted). The Court in *Stillwell* also noted two considerations relevant to the substantial justification query—that "the evolution of VA benefits law since the creation of this Court ... has often resulted in new, different, or more stringent requirements for adjudication," and that "some cases before this Court are ones of first impression involving good faith arguments of the government that are eventually rejected by the Court." *Id.* at 303.

Applying *Stillwell* here, the Court finds that the government's reliance upon § 3.53(a), both prior to and during the litigation before this Court, *see id.* at 302, was substantially justified. VA's interpretation of 38 U.S.C. § 101(3), including its use of the appellant's post-separation conduct, to deny

her status as a surviving spouse, and its defense of that denial before the Court were reasonable in law. *Gregory* involved issues of first impression before the Court regarding the construction of a statutory and regulatory scheme which presented a "confusing tapestry." *Id.* at 303. The issuance of *Gregory* rejected VA's interpretation for the first time. *Id.* at 304; *see, e.g.,* 59 Fed.Reg. 32658 (1994) (amendment to § 3.53(a) in compliance with the *Gregory* opinion, effective May 13, 1993, the date that the Court rendered the opinion). In this light, as in *Stillwell,* although the government's arguments before the Court were ultimately rejected, they were nevertheless advanced with substantial justification.

In reply to the Secretary's response to the appellant's application for EAJA fees, the appellant argued that *Stillwell* was distinguishable from the instant case, and thus did not govern its disposition. Reply at 2. Contrary to the appellant's argument that the Court in *Gregory* specifically ruled that the BVA's findings of fact were clearly erroneous, *id.,* the Court made no such ruling. In fact, as noted *supra,* the Court in *Gregory* sustained the BVA's factual finding as not clearly erroneous. Furthermore, the appellant's remaining arguments—that the Court in *Gregory* specifically held that the BVA used an incorrect standard of proof to determine whether the appellant and the veteran had reconciled, that the BVA failed to obtain Social Security records, and that the BVA failed to apply 38 C.F.R. § 3.53(b) requiring acceptance of the surviving spouse's statement as to the reason for the separation in the absence of contradictory information, *id.* at 2–3—cannot prevail as grounds for distinction in that none of these matters constituted a basis for the Court's action in *Gregory.* Rather than constituting a holding of BVA error, the Court merely instructed the BVA to comply with *Gilbert v. Derwinski,* 1 Vet. App. 49, 53–55 (1990), *Murincsak v. Derwinski,* 2 Vet.App. 363, 370–71 (1992), *Masors v. Derwinski,* 2 Vet.App. 181, 187 (1992), and § 3.53(b) in its overall readjudication of the matter pursuant to the Court's interpretation of the statutory and regulatory framework. Finally, a failure to comply with § 3.53(b) or *Murincsak* would probably have no bearing on a BVA outcome which was predicated on the interpretation of 38 U.S.C. § 101(3) and 38 C.F.R. § 3.53(a) by VA prior to the Court's decision in *Gregory.*

### III.  Conclusion

For the foregoing reasons, the Court denies the appellant's EAJA application.

STEINBERG, Judge, dissenting:

The majority denies the EAJA application on the basis of the Court's opinion in *Stillwell* and goes to considerable lengths to specify why *Stillwell* may not be distinguished from the instant case. The majority fails to note, however, that *Stillwell* is on appeal to the U.S. Court of Appeals for the Federal Circuit, where an appeal was docketed on June 20, 1994.

Given the majority's dispositive reliance on *Stillwell,* it seems undebatable that if the Federal Circuit reverses this Court's opinion in *Stillwell* and orders the award of EAJA fees and expenses, or even remands for further consideration by this Court with the result that such an award is ultimately made, then the instant EAJA application will have to be granted.

Accordingly, I would hold this application in abeyance pending disposition of *Stillwell* in the Federal Circuit. I see no reason to require the applicant here to bear the cost of an appeal to that Court, in order to preserve EAJA options, or to impose an additional and possibly avoidable filing on that Court. Alternatively, the applicant could move this Court, within the time period provided under Rules 26(c) and 35(d) of the Court's Rules of Practice and Procedure and pursuant to Rules 35(a) and 36 of those Rules, to hold the judgment here in abeyance pending disposition of *Stillwell* in the Federal Circuit.

For the foregoing reasons, I would not today reach the merits and therefore respectfully dissent.