ZP, Appellant,

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–1303.

United States Court of Veterans Appeals.

July 11, 1995.

---

Before HOLDAWAY, IVERS, and STEINBERG, Judges.

**ORDER**

PER CURIAM.

The instant proceedings involve an application for reasonable attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

On June 2, 1992, the Board of Veterans' Appeals (BVA or Board) issued a decision which denied the appellant's service-connection claim for headaches and hypertension, and awarded a total disability rating for post-traumatic stress disorder (PTSD). The BVA determined that the appellant's claim for a total disability rating based upon individual unemployability (TDIU) was rendered moot by the 100% PTSD rating. The appellant submitted his Notice of Appeal to this Court on August 14, 1992. On October 29, 1993, the Secretary submitted a motion to vacate that part of the BVA decision which denied service connection for headaches and hypertension, and to remand those matters for readjudication.

The Secretary in his motion stated that he proposed a remand because the appellant's June 30, 1993, counter designation of the record contained a number of VA-generated documents that could not be located in the appellant's claims file; because the documents predated the June 1992 BVA decision; and because readjudication of the appellant's claims was required due to the missing documents. *See Bell v. Derwinski*, 2 Vet.App. 611 (1992) (per curiam order). The Secretary also conceded that the June 1992 BVA decision did not provide an adequate statement of reasons or bases under 38 U.S.C. § 7104(d)(1) for its conclusion that the appellant's TDIU claim had been rendered moot. This Court on November 18, 1993, granted the Secretary's motion.

The appellant on May 27, 1994, pursuant to Rule 39(a) of the Court's Rules of Practice and Procedure (Court Rules), filed an EAJA application for reasonable attorney fees and expenses. The appellant asserted that he was a prevailing party and that the Secretary's position was not substantially justified. The appellant also provided an accounting in which he requested an award of attorney fees and expenses totalling $19,823.23. The Sec-

retary filed a response to the appellant's EAJA application on November 17, 1994. The Secretary asserted that the BVA's actions were substantially justified because *Bell, supra,* was issued after the Board's June 1992 decision in this case. The Secretary further asserted that his concession of a lack of adequate reasons or bases in the BVA's finding of mootness as to the appellant's TDIU claim did not constitute an absence of substantial justification. The Secretary further asserted that the appellant's claim for attorney fees was excessive and should be reduced.

■ The Court finds that the Government's position at the administrative level was not substantially justified. The Secretary acknowledged that the BVA did not provide an adequate statement of reasons or bases in its denial of the appellant's TDIU claim and that readjudication of that claim was therefore required. Based on that "error," and "based upon the totality of the circumstances," *see Stillwell v. Brown,* 6 Vet. App. 291, 302 (1994), the Court finds that the BVA was not justified in the manner with which it treated the TDIU issue, long after the Court had clearly articulated the parameters of the reasons or bases requirement in *Gilbert v. Derwinski,* 1 Vet.App. 49, 56–57 (1990). *See Elcyzyn v. Brown,* 7 Vet.App. 170, 176 (1994). Therefore, the Court holds, based on the totality of the circumstances, that the Government was not substantially justified in the position it took at the administrative (BVA) proceeding.

■ The Court need not reach the issue of whether the government's litigation position before this Court was substantially justified. *See Penny v. Brown,* 7 Vet.App. 348, 351 (1995) (awarding EAJA fees based on finding that Secretary's litigation position was not substantially justified and not examining question of substantial justification in administrative (BVA) proceeding); *see also Uttieri v. Brown,* 7 Vet.App. 415, 417–18 (1995) (even assuming reasonableness of BVA's determination, Court finds Secretary's litigation position lacking in substantial justification and awards EAJA fees); *cf. Doria v. Brown,* 8 Vet.App. 157, 162 (1995) (making single finding of lack of substantial justification in Gov-

ernment's failure to address appellant's arguments "prior to the Court's remand" of the case and awarding EAJA fees); *Elcyzyn, supra* (making single finding of lack of substantial justification in issuing BVA decision contrary to Court precedent and failing to correct that error in Court pleadings, and awarding EAJA fees); *see also Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir.1994) (sustaining EAJA award "where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa.").

On consideration of the foregoing, it is

ORDERED that the appellant's June 12, 1995, motion for leave to file a response to the Secretary's June 2, 1995, citation of supplemental authorities is granted. It is further

ORDERED that the appellant's application for reasonable attorney fees and expenses is granted. It is further

ORDERED that a conference with the Court's Central Legal Staff be scheduled pursuant to Rule 33 of the Court Rules so that the parties may resolve any differences in the amount of the attorney fees and expenses to be awarded. In this connection, the Court notes the concession of the appellant's counsel at oral argument on May 23, 1995, that a substantial number of hours for record review that he billed as attorney time could have been performed by a paralegal and, therefore, should be compensated at the appropriate paralegal rate. *See Action on Smoking and Health v. C.A.B.,* 724 F.2d 211, 220–21 (D.C.Cir.1984) (hours "are not reasonably expended if an attorney duplicates work done earlier by another attorney, if an attorney takes extra time due to inexperience, or if an attorney performs tasks that are normally performed by paralegals, clerical personnel[,] or other non-attorneys.").