ORDER
PER CURIAM:
The appellant, Abraham Thompson, appealed a December 24, 1998, Board of Veterans’ Appeals (BVA or Board) decision that denied him recognition as a former prisoner of war (POW) for Department of Veterans Affairs purposes. The Court by single-judge memorandum decision affirmed the December 1998 BVA decision. Thompson v. West, Vet.App. No. 99-515, 2000 WL 815484 (May 19, 2000) (mem. dec.). The appellant filed through counsel a motion for panel decision.
The Board is required to provide a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record; the statement must be adequate to enable a claimant to understand the precise basis for the Board’s decision, as well as to facilitate review in this Court. See 38 U.S.C. § 7104(d)(1); Allday v. Brown, 7 Vet.App. 517, 527 (1995); Simon v. Derwinski, 2 Vet.App. 621, 622 (1992); Gilbert v. Derwinski, 1 Vet.App. 49, 57 (1990). To comply with this requirement, the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Caluza v. Brown, 7 Vet.App. 498, 506 (1995), aff'd, 78 F.3d 604 (Fed.Cir.1996) (table); Gabrielson v. Brown, 7 Vet.App. 36, 39-40 (1994); Gilbert, supra.
In a recent opinion, the mandate for which was issued after this Court’s single-judge memorandum decision in this case, the U.S. Court of Appeals for the Federal Circuit stated that 38 U.S.C. § 7261(a), (a)(4), and (c) “are consistent with the general rule that appellate tribunals are not appropriate fora for initial fact finding.” Hensley v. West, 212 F.3d 1255, 1263 (Fed.Cir.2000). Thus, this Court “may remand if it believes the [Board] failed to make findings of fact essential to the decision; it may set aside findings of fact it determines to be clearly erroneous; or it may reverse incorrect judgments of law based on proper factual findings; ‘but it should not simply [make] factual findings on its own.’” Id. at 1263 (quoting Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709, 714, 106 S.Ct. 1527, 89 L.Ed.2d 739 (1986)).
In the instant case, the Board erred in failing to consider a 1993 “Former POW Medical History” report in which the *189 appellant presented material evidence that he had experienced physical and psychological hardships while being detained in Switzerland during World War II. See 38 U.S.C. § 101(32)(B); 38 C.F.R. § 3.1(y)(2)(i) (1999); Young v. Brown, 4 Vet.App. 106, 109 (1993). In light of Hensley, the Court is compelled to conclude that a remand is necessary here in order for the Board to consider that evidence in the first instance and to provide an adequate statement of reasons or bases. See 38 U.S.C. § 7104(d)(1); Allday, Caluza, Gabrielson, Simon, and Gilbert, all supra.
Upon consideration of the foregoing, it is
ORDERED that the appellant’s June 7, 2000, motion for panel decision is granted. The May 19, 2000, memorandum decision is withdrawn and this order is issued in its stead. It is further
ORDERED that the December 24, 1998, BVA decision is VACATED and the matter is REMANDED for readjudication consistent with this order.