KRAMER, Chief Judge,
concurring in part and dissenting in part.
I agree with the majority that the appellant is a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), and I grant that the tenor of the majority’s analysis as to substantial justification may be appropriate generally. However, for the reasons discussed below, I believe that substantial-justification analysis does not work under the facts of this case.
I agree that the state of the law at the time of the Board of Veterans’ Appeals (Board or BVA) decision would leave the Board in some doubt as to what notice content was required under the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA). Here, however, we are not addressing whether the Board was substantially justified, i.e., acted reasonably, as to its conclusion regarding the content of the notice; rather, we are addressing whether the Board, in determining that adequate notice was provided, acted reasonably in failing to provide an adequate statement of reasons or bases for that conclusion, the error that the Secretary conceded in the May 29, 2001, joint motion for remand. Specifically, the Board’s finding of fact that “the veteran has been informed of the requirements for an earlier effective date” (Shannon D. Smith, BVA 99-01319, at 11 (Feb. 6, 2001)) is not supported by any evidence set forth in the BVA decision regarding any notice provided to the appellant. Indeed, the Board made no express statement of supporting evidence in conjunction with its finding, and the decision contains no implicit evidentiary support, which a discussion of relevant evidence in the factual background section may have provided. As the Secretary conceded in the joint motion for remand, the Board’s “discussion is not thorough enough to indicate with certainty that the provisions of the VCAA have been met, specifically with respect to notice ...” (Motion at 3). Accordingly, because the Board failed to provide an adequate statement of reasons or bases and because our case law as to the reasons-or-bases requirement was clear at the time of the BVA decision, see 38 U.S.C. § 7104(d)(1); Allday v. Brown, 7 Vet.App. 517, 527 (1995); Gilbert v. Derwinski, 1 Vet.App. 49, 57 (1990), in my view, the Secretary’s position at the administrative stage, that “the veteran ha[d] been informed of the requirements for an earlier effective date” (Smith, BVA 99-01319, supra), was not substantially justified. See ZP v. Brown, 8 Vet.App. 303, 304 (1995) (per curiam order). I would therefore hold that an award of attorney fees is warranted in this case.