**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 99-515

Abraham Thompson, Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs, Appellee.

On Appellant's Application for Attorney Fees and Expenses

(Decided   November 19, 2002   )

*Kathy A. Lieberman*, of Washington, D.C., was on the pleadings for the appellant.

*Tim S. McClain*, General Counsel; *Ron Garvin*, Assistant General Counsel; *Carolyn F. Washington*, Deputy Assistant General Counsel; and *Michele R. Katina*, all of Washington, D.C., were on the pleading for the appellee.

Before KRAMER, *Chief Judge*, and FARLEY and HOLDAWAY, *Judges*.

KRAMER, *Chief Judge*, filed the opinion of the Court. FARLEY, *Judge*, filed a concurring opinion. HOLDAWAY, *Judge*, filed a dissenting opinion.

KRAMER, *Chief Judge*: Before the Court is the appellant's application for attorney fees and expenses in the amount of $13,624.31 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). For the following reasons, the Court will grant that application.

**I. FACTS**

The appellant appealed through counsel a December 24, 1998, decision of the Board of Veterans' Appeals (BVA or Board) that denied him recognition as a former prisoner of war (POW) for VA purposes. The Court by single-judge memorandum decision affirmed the December 1998 BVA decision. *Thompson v. West*, U.S. Vet. App. No. 99-515 (May 19, 2000) (mem. dec.).

The appellant filed through counsel a motion for a panel decision. A November 22, 2000, order by a panel of this Court granted that motion, withdrew the May 2000 memorandum decision, vacated the December 1998 BVA decision, and remanded the matter. *Thompson v. Gober*, 14 Vet.App. 187, 189 (2000) (per curiam order). In the November 2000 order, the Court concluded that the Board had erred in failing to consider certain material evidence favorable to the appellant and that a remand was necessary for the Board to consider that favorable evidence and to provide an adequate statement of reasons or bases. *Thompson*, 14 Vet.App. at 189. A dissent to the majority order was also filed. *Id.* at 189-93 (Holdaway, J., dissenting).

On March 28, 2001, the appellant filed an EAJA application. On July 3, 2001, the Secretary filed a response in which he makes arguments only as to the substantial justification of the Secretary's position. The appellant replied on October 2, 2001.

## II. ANALYSIS

This Court has jurisdiction to award attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). The March 28, 2001, EAJA application met any jurisdictional and content requirements because it was filed within the 30-day EAJA application period and because it contained (1) a showing that the applicant is a prevailing party; (2) a showing that he is a party eligible for an award because his net worth does not exceed $2,000,000; (3) an allegation that the Secretary's position was not substantially justified; and (4) an itemized statement of the attorney fees and expenses sought. *See* 28 U.S.C. § 2412(d)(1)(B); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc).

The Secretary has conceded that the appellant is a prevailing party and that there are no special circumstances that would make an award in this case unjust. The Secretary contests, however, the appellant's allegation that the Secretary's position was not substantially justified. Where, as here, the appellant has alleged that the Secretary's position was not substantially justified, the Secretary has the burden to prove that his position was substantially justified at both the administrative and litigation stages. *See Cullens*, 14 Vet.App. at 237; *Stillwell v. Brown*, 6 Vet.App. 291, 301 (1994). In *Stillwell*, the Court held that the government's position is substantially justified if VA demonstrates the reasonableness of its position, based on the totality of the circumstances.

2

*Id.* at 302; *see also Locher v. Brown*, 9 Vet.App. 535, 537 (1996). "'[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Stillwell*, 6 Vet.App. at 302 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). In *Stillwell*, the Court provided the following further amplification:

> Two special circumstances may also have a bearing upon the reasonableness of the litigation position of the VA, and of the action or inaction by the VA at the administrative level. One is the evolution of VA benefits law since the creation of this Court that has often resulted in new, different, or more stringent requirements for adjudication. The second is that some cases before this Court are ones of first impression involving good faith arguments of the government that are eventually rejected by the Court.

*Stillwell*, 6 Vet.App. at 303.

The Board is required to provide a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record; the statement must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court. *See* 38 U.S.C. § 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Simon v. Derwinski*, 2 Vet.App. 621, 622 (1992); *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990). To comply with this requirement, the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. *See Caluza v. Brown*, 7 Vet.App. 498, 506 (1995), *aff'd*, 78 F.3d 604 (Fed. Cir. 1996) (table); *Gabrielson v. Brown*, 7 Vet.App. 36, 39-40 (1994); *Gilbert*, *supra*.

As noted above, the Court in its November 2000 order expressly determined that the Board had erred in failing to discuss material evidence favorable to the appellant. *Thompson*, 14 Vet.App. at 189. In his response to the EAJA application, the Secretary argues that, even though the Board erred in failing to discuss favorable evidence, the Secretary's position at the administrative stage was substantially justified (i.e., the BVA error was reasonable), because "[t]here was 'solid' evidence to support the Board's decision" and because there was a genuine dispute (as to that evidentiary support) among the judges of the panel as shown by the withdrawn memorandum decision. Response (Resp.) at 10-12. He supports his argument by citing to two Social Security

Administration cases, *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992); *Pullen v. Bowen*, 820 F.2d 105, 109 (4th Cir. 1987), and to a dissent in *Cullens*, 14 Vet.App. at 251-52 (Holdaway, J., dissenting). However, the error here was not that the Board's decision was not supported by adequate evidence; the error was that the Board failed to discuss material evidence that was favorable to the appellant. The "favorable evidence" component of the "reasons or bases" requirement, first articulated in 1990, is a longstanding precedent of this Court. This case, therefore, is distinguishable from this Court's decisions that have concluded that the Secretary's administrative position was substantially justified because, although the Board had erred in applying a particular VA interpretation, the error was found only after the Court had subsequently invalidated that interpretation and the matter was one of first impression or the law had been a confusing tapestry (i.e., disputable). *See*, *e.g.*, *Locher*, 9 Vet.App. at 537-40; *Felton v. Brown*, 7 Vet.App. 276, 280-84 (1994); *Gregory v. Brown*, 7 Vet.App. 127, 128 (1994); *Stillwell*, 6 Vet.App. at 303. This case is controlled by those opinions in which the Court determined that the Secretary's position was not substantially justified based on the Board's failure to provide an adequate statement of reasons or bases. *See ZP v. Brown*, 8 Vet.App. 303, 304 (1995) (per curiam order); *Elcyzyn v. Brown*, 7 Vet.App. 170, 176 (1994). Such a "reasons or bases" error has no reasonable basis in law or fact and involves neither a recent caselaw evolution nor a matter of first impression. *Stillwell*, 6 Vet.App. at 302-03; *see ZP*, 8 Vet.App. at 304; *Elcyzyn*, 7 Vet.App. at 176.

The Secretary maintains that this case is distinguishable from *Elcyzyn* on the ground that in *Elcyzyn* the Board had erred in failing to provide both an adequate statement of reasons or bases and an independent medical opinion to support its conclusions, whereas here the Board erred only in failing to provide an adequate statement of reasons or bases. Resp. at 15. That argument is unavailing, because this Court has found and finds today that the Secretary's position at the administrative stage was not substantially justified where the Board had erred only in failing to provide an adequate statement of reasons or bases. *See ZP*, 8 Vet.App. at 304.

Accordingly, the Court concludes that the Secretary has not met his burden to demonstrate that his position at the administrative stage was substantially justified, *see Stillwell*, 6 Vet.App. at 301, and that the appellant is therefore entitled to attorney fees and expenses, *see Cullens*, 14 Vet.App. at 244. *See also ZP*, 8 Vet.App. at 304; *Elcyzyn*, 7 Vet.App. at 176. Having concluded

that the Secretary was not substantially justified in his position at the administrative stage, the Court need not address whether the government's litigation position before this Court was substantially justified. *See Locher*, 9 Vet.App. at 537; *ZP*, 8 Vet.App. at 304.

Once the Court has determined that EAJA fees are to be awarded, it must then determine what amount constitutes reasonable attorney fees and expenses in the case. *See* 28 U.S.C. § 2412(d)(2)(A); *Perry v. West*, 11 Vet.App. 319, 327 (1998). "The Court has wide discretion in the award of attorney fees under the EAJA." *Chesser v. West*, 11 Vet.App. 497, 501 (1998). "[T]he 'product of reasonable hours times a reasonable rate' normally provides a 'reasonable' attorney's fee." *Blum v. Stenson*, 465 U.S. 886, 897 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). In that regard, the Court will consider whether the hours claimed were (1) unreasonable on their face, (2) otherwise contraindicated by the factors itemized in *Hensley*, 461 U.S. at 430, or *Ussery v. Brown*, 10 Vet.App. 51, 53 (1997), for measuring reasonableness, or (3) persuasively opposed by the Secretary. *See Chesser*, 11 Vet.App. at 501-02.

The appellant requests reimbursement for $13,419.64 in attorney time (98.5 hours at $136.24 per hour) and for $204.67 in expenses. The Secretary did not, in his response to the EAJA application, contest the reasonableness of the $13,624.31 sought by the appellant. Based on the circumstances of this case, the Court concludes that the amount requested is reasonable, *see Chesser*, 11 Vet.App. at 501-02, and will therefore grant the appellant's EAJA application in full.

### III. CONCLUSION

Upon consideration of the foregoing analysis, the appellant's March 28, 2001, EAJA application is GRANTED.

FARLEY, *Judge*, concurring: The elegant and eloquent dissent of our esteemed colleague prompts me to express my beliefs that:

Reasonable minds cannot differ on the fact that the veteran in 1993 signed and submitted a "Former POW Medical History" report on which he checked the "Yes" boxes in response to inquiries

whether he had experienced "intimidation," "beatings," and "psychological torture" while being detained in Switzerland during World War II. Record (R.) at 195.

Reasonable minds cannot differ on the fact that the Board did not discuss that report. *Thompson v. Gober*, 14 Vet.App. 187, 188-89 (2000). Nor can reasonable minds differ on the additional fact that the Board went so far as to state that "there [was] no evidence, nor [had] the veteran claim[ed], that he experienced physical or psychological hardships or abuse while interned." R. at 6.

And reasonable minds, presumably even that of the fictitious Mr. Bumble, cannot differ with the inescapable conclusions that the Board's erroneous ostrich-like treatment of this report and its inexplicable failure to include a discussion of the report in the requisite statement of reasons or bases for its decision, which "compelled" the majority to remand this matter (*Thompson*, 14 Vet.App. at 189), were not substantially justified.


HOLDAWAY, *Judge,* dissenting: I agree with the majority that the appellant was a prevailing party in the merits litigation and that as a result of that decision (however flawed it may have been), which found inadequate reasons or bases of the Board, the position of the Board was legally incorrect. However, I do not agree that the Secretary lacked substantial justification for its position. I note at the outset that the opinion of the Court in the EAJA portion of this case (and, for that matter, in the merits portion as well) is totally bereft of a factual or legal analysis. It is pure conclusion. I will supply the necessary factual and legal background.

It is fundamental that the fact that the government does not prevail on the merits is merely a starting point in determining whether its position was substantially justified. In *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988), the U.S. Supreme Court explained that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Therefore, if the position taken by VA, although ultimately determined to be "incorrect," is debatable – that is, if reasonable minds could differ – then VA's position must be found to be substantially justified. Moreover, this Court has held that the government need not be "'justified to a high degree,' but rather 'justified in substance or in the main' – that is, justified to a degree that

could satisfy a reasonable person." *Felton v. Brown*, 7 Vet.App. 276, 280 (1994); *see also Pierce*, 487 U.S. at 565; *Stillwell v. Brown*, 6 Vet.App. 291, 302 (1994). The interested reader may wish to read *Stein v. Sullivan*, 966 F.2d 317 (7th Cir. 1992), a Social Security disability benefits case cited by the Secretary, which has facts strikingly familiar to this case, for an excellent summary of the law of substantial justification. In that case, the court denied an application for fees and expenses under the EAJA, despite the fact that the appellant had won the merits case, rejecting the EAJA applicant's argument that an EAJA award should be granted because the Secretary of Health and Human Services had inadequately articulated its assessment of the relevant evidence. The court reasoned:

> That the [administrative law judge] failed to meet this articulation requirement in no way necessitates a finding that the Secretary's position was not substantially justified. . . . [W]e did not find in our earlier opinion that the Secretary lacked substantial justification. We held only that there was some contrary evidence that the Secretary failed to consider, or at least failed to articulate that he considered. . . . There was evidence to support the Secretary's position. A genuine dispute existed. Thus, we detect no error in the district court's finding that the Secretary's position was substantially justified.

*Stein*, 966 F.2d at 320 (citations omitted).

Let us now turn to the facts in this case, bearing in mind, of course, the general legal principles just outlined. In the merits case, the court found the Board's articulated reasons or bases inadequate. That was the sole basis for the remand. In so doing they only cited a general rule from this Court's precedent that all evidence favorable to the claimant *that is material* must be accounted for in the reasons or basis. If they believed that cited precedent put the Board on notice or gave any guidance as to what kind of evidence is or is not material, they are operating under a considerable delusion. The majority then seized upon one piece of evidence, a form on which the appellant had marked an "X" to indicate that he had suffered physical and psychological hardship when interned by the Swiss government during World War II, which the Board did not discuss in its decision. The Court determined that the Board had not satisfied the requirement to provide adequate reasons or bases for its decision based solely on its not having discussed this form, a form which contained no narrative by the claimant and had been contradicted by earlier narrative testimony from the claimant that specifically disclaimed such hardships.

The panel of the Court split on the issue of the materiality of this piece of evidence, the majority of the panel concluding, as stated previously, without even the slightest analysis of what "materiality" is, that it was material. The majority compounds its error by doing the same thing in this case, providing a conclusion without an analysis. They seem to come up with the following rule: because the Court concluded that the document was material in their November 2000 decision, the Board was somehow "on notice" in December 1998 that this evidence was undebatably material. Whether the Board had access to a crystal ball is not mentioned. But the "incorrectness" of the Board's decision, nunc pro tunc, is not the critical factor. As the case law cited above has established, if, at the time the Board wrote its decision, the materiality of this evidence was debatable, or reasonable minds could differ as to its materiality, then the Board's position was substantially justified. In cases where the decision is unanimous the question of whether reasonable minds could differ is theoretical. In this case, there was undeniably a debate within the Court and there was undeniably a difference of opinion as to the document's materiality.

I do note with some diffidence that in my dissent I at least made a stab at analysis and gave a reasoned basis for my opinion. The majority made no such attempt. But the important point is that the issue of materiality was, in fact, debated and there was, in fact, a difference of minds, both of which I, at least, would say were reasonable minds. I concede to my brethren that however egregiously wrong (and wrongheaded) *I* think their conclusion of materiality was, I don't for a minute contend that they didn't have a debatable point or that the opinion was one with which no reasonable person could agree. In my dissent, I gave reasons for not finding the evidence to be material, i.e., that the evidence was equivocal, contradicted, and marginal at best. While I think my brethren's purely conclusory decision was debatably "correct," I wonder whether they didn't confuse materiality with relevancy, a common mistake. In absence of an analysis we simply don't know. In any event, I think my position is one that a reasonable person could take. Had the panel been differently composed it is as probable as not that there would have been a different result. If my brethren disagree and wish to state a supposition either implicitly or explicitly that no reasonable person could agree with my opinion of "non-materiality," then I assure them that I will accept such a conclusion with amused, and bemused, good humor. However, I must say my reaction would be similar to that of Mr. Bumble in *Oliver Twist*: "If the law supposes that then the law is a ass, a idiot."

8

I note the concurring opinion of Judge Farley, a colleague for whom I have the highest respect and affection. Nevertheless, I am constrained to note that he entirely avoids the issue. I take the crux of his opinion to be thus: since it is a "reasonable person" who reached this conclusion, how could anyone disagree? Ergo, any such disagreement must be, per se, unreasonable. Well, I do disagree and my disagreement is eminently reasonable. The concurring opinion does reinforce my suspicion that the majority has confused relevancy of the form, which is obvious, with materiality, which is, at the least, debatable and can only be determined in context.

I feel it necessary to add a comment on one part of the opinion of the merits case that may not be germane and perhaps only indirectly affects the EAJA issue, and that is the misinterpretation of *Hensley v. West*, 212 F.3d 1255 (Fed. Cir. 2000), in the merits opinion, which apparently precluded the majority from invoking the harmless statute concerning the evidence that was, putatively, "material." Perhaps no harm was done as that portion of the merits decision was clearly dictum and thus not binding precedent, but I do note again, as I did in my dissent, that *Hensley* in no way precludes this Court from initially finding facts as to those issues on appeal where the Board is not a factfinder.

In this case, the issue was the adequacy of the Board's reasons or bases. Obviously, the Board is never, and can never be, a factfinder as to adequacy of its own reasons or bases. By necessity, this Court, if it is to discharge its duties concerning 38 U.S.C. § 7261(b), the harmless error statute, must be the initial factfinder on such an issue. Whatever *Hensley* stands for, and it is certainly not a model of judicial craftsmanship, it shouldn't be read as repealing the harmless error provisions of our jurisdictional statute. If read as broadly as the majority did in the dictum in the merits case, that is exactly what it would do. If the Court can't be the initial fact finder on questions of law like adequacy of reasons or bases, then the harmless error statute is meaningless. I expect, and hope, that if the Federal Circuit had meant to repeal the harmless error statute, it would have said so. It is this Court's function to interpret precedential cases narrowly and strictly. The interpretation in the merits case concerning *Hensley* was neither. It gave the broadest possible interpretation in a case not remotely like *Hensley*. At most, *Hensley* stands for the proposition that this Court cannot be the initial factfinder as to factual issues, *on the merits*, that are reposed in the Board. On matters such as adequacy of reasons or bases, *Hensley* simply does not apply. This court can, and should, apply

9

the harmless error rule when assessing putative errors in reasons or bases. *Hensley*, by its own terms, permits this.