KRAMER, Chief Judge, filed the opinion of the Court. FARLEY, Judge, filed a concurring opinion. HOLDAWAY, Judge, filed a dissenting opinion.
KRAMER, Chief Judge:
Before the Court is the appellant’s application for attorney fees and expenses in the amount of $13,624.31 pursuant to the Equal Access to Justice Act, 28 U.S.C. *469 § 2412(d) (EAJA). For the following reasons, the Court will grant that application.
I. FACTS
The appellant appealed through counsel a December 24,1998, decision of the Board of Veterans’ Appeals (BVA or Board) that denied him recognition as a former prisoner of war (POW) for VA purposes. The Court by single-judge memorandum decision affirmed the December 1998 BVA decision. Thompson v. West, U.S. Vet.App. No. 99-515, 2000 WL 815484 (May 19, 2000) (mem. dec.).
The appellant filed through counsel a motion for a panel decision. A November 22, 2000, order by a panel of this Court granted that motion, withdrew the May 2000 memorandum decision, vacated the December 1998 BVA decision, and remanded the matter. Thompson v. Gober, 14 Vet.App. 187, 189 (2000) (per curiam order). In the November 2000 order, the Court concluded that the Board had erred in failing to consider certain material evidence favorable to the appellant and that a remand was necessary for the Board to consider that favorable evidence and to provide an adequate statement of reasons or bases. Thompson, 14 Vet.App. at 189. A dissent to the majority order was also filed. Id. at 189-98 (Holdaway, J., dissenting).
On March 28, 2001, the appellant filed an EAJA application. On July 3, 2001, the Secretary filed a response in which he makes arguments only as to the substantial justification of the Secretary’s position. The appellant replied on October 2, 2001.
II. ANALYSIS
This Court has jurisdiction to award attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). The March 28, 2001, EAJA application met any jurisdictional and content requirements because it was filed within the 30-day EAJA application period and because it contained (1) a showing that the applicant is a prevailing party; (2) a showing that he is a party eligible for an award because his net worth does not exceed $2,000,000; (3) an allegation that the Secretary’s position was not substantially justified; and (4) an itemized statement of the attorney fees and expenses sought. See 28 U.S.C. § 2412(d)(1)(B); Cullens v. Gober, 14 Vet.App. 234, 237 (2001) (en banc).
The Secretary has conceded that the appellant is a prevailing party and that there are no special circumstances that would make an award in this case unjust. The Secretary contests, however, the appellant’s allegation that the Secretary’s position was not substantially justified. Where, as here, the appellant has alleged that the Secretary’s position was not substantially justified, the Secretary has the burden to prove that his position was substantially justified at both the administrative and litigation stages. See Cullens, 14 Vet.App. at 237; Stillwell v. Brown, 6 Vet.App. 291, 301 (1994). In Stillwell, the Court held that the government’s position is substantially justified if VA demonstrates the reasonableness of its position, based on the totality of the circumstances. Id. at 302; see also Locher v. Brown, 9 Vet.App. 535, 537 (1996). ‘“[A] position can be justified even though it is not correct, and ... it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.’ ” Stillwell, 6 Vet.App. at 302 (quoting Pierce v. Underwood, 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). In Stillwell, the Court provided the following further amplification:
Two special circumstances may also have a bearing upon the reasonableness of the litigation position of the VA, and *470 of the action or inaction by the VA at the administrative level. One is the evolution of VA benefits law since the creation of this Court that has often resulted in new, different, or more stringent requirements for adjudication. The second is that some cases before this Court are ones of first impression involving good faith arguments of the government that are eventually rejected by the Court.
Stillwell, 6 Vet.App. at 303.
The Board is required to provide a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record; the statement must be adequate to enable a claimant to understand the precise basis for the Board’s decision, as well as to facilitate review in this Court. See 38 U.S.C. § 7104(d)(1); Allday v. Brown, 7 Vet.App. 517, 527 (1995); Simon v. Derwinski, 2 Vet.App. 621, 622 (1992); Gilbert v. Derwinski, 1 Vet.App. 49, 57 (1990). To comply with this requirement, the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Caluza v. Brown, 7 Vet.App. 498, 506 (1995), aff'd, 78 F.3d 604 (Fed.Cir.1996) (table); Gabrielson v. Brown, 7 Vet.App. 36, 39-40 (1994); Gilbert, supra.
As noted above, the Court in its November 2000 order expressly determined that the Board had erred in failing to discuss material evidence favorable to the appellant. Thompson, 14 Vet.App. at 189. In his response to the EAJA application, the Secretary argues that, even though the Board erred in failing to discuss favorable evidence, the Secretary’s position at the administrative stage was substantially justified (i.e., the BVA error was reasonable), because “[tjhere was ‘solid’ evidence to support the Board’s decision” and because there was a genuine dispute (as to that evidentiary support) among the judges of the panel as shown by the withdrawn memorandum decision. Response (Resp.) at 10-12. He supports his argument by citing to two Social Security Administration cases, Stein v. Sullivan, 966 F.2d 317, 320 (7th Cir.1992); Pullen v. Bowen, 820 F.2d 105, 109 (4th Cir.1987), and to a dissent in Cullens, 14 Vet.App. at 251-52 (Holdaway, J., dissenting). However, the error here was not that the Board’s decision was not supported by adequate evidence; the error was that the Board failed to discuss material evidence that was favorable to the appellant. The “favorable evidence” component of the “reasons or bases” requirement, first articulated in 1990, is a longstanding precedent of this Court. This case, therefore, is distinguishable from this Court’s decisions that have concluded that the Secretary’s administrative position was substantially justified because, although the Board had erred in applying a particular VA interpretation, the error was found only after the Court had subsequently invalidated that interpretation and the matter was one of first impression or the law had been a confusing tapestry (i.e., disputable). See, e.g., Locher, 9 Vet.App. at 537-40; Felton v. Brown, 7 Vet.App. 276, 280-84 (1994); Gregory v. Brown, 7 Vet.App. 127, 128 (1994); Stillwell, 6 Vet.App. at 303. This case is controlled by those opinions in which the Court determined that the Secretary’s position was not substantially justified based on the Board’s failure to provide an adequate statement of reasons or bases. See ZP v. Brown, 8 Vet.App. 303, 304 (1995) (per curiam order); Eleyzyn v. Brown, 7 Vet.App. 170, 176 (1994). Such a “reasons or bases” error has no reasonable basis in law or fact and involves neither a *471 recent caselaw evolution nor a matter of first impression. Stillwell, 6 Vet.App. at 302-03; see ZP, 8 Vet.App. at 304; Elcyzyn, 7 Vet.App. at 176.
The Secretary maintains that this case is distinguishable from Elcyzyn on the ground that in Elcyzyn the Board had erred in failing to provide both an adequate statement of reasons or bases and an independent medical opinion to support its conclusions, whereas here the Board erred only in failing to provide an adequate statement of reasons or bases. Resp. at 15. That argument is unavailing, because this Court has found and finds today that the Secretary’s position at the administrative stage was not substantially justified where the Board had erred only in failing to provide an adequate statement of reasons or bases. See ZP, 8 Vet.App. at 304.
Accordingly, the Court concludes that the Secretary has not met his burden to demonstrate that his position at the administrative stage was substantially justified, see Stillwell, 6 VetApp. at 301, and that the appellant is therefore entitled to attorney fees and expenses, see Cullens, 14 Vet.App. at 244. See also ZP, 8 Vet.App. at 304; Elcyzyn, 7 Vet.App. at 176. Having concluded that the Secretary was not substantially justified in his position at the administrative stage, the Court need not address whether the government’s litigation position before this Court was substantially justified. See Locker, 9 Vet.App. at 537; ZP, 8 Vet.App. at 304.
Once the Court has determined that EAJA fees are to be awarded, it must then determine what amount constitutes reasonable attorney fees and expenses in the case. See 28 U.S.C. § 2412(d)(2)(A); Perry v. West, 11 Vet.App. 319, 327 (1998). “The Court has wide discretion in the award of attorney fees under the EAJA.” Chesser v. West, 11 Vet.App. 497, 501 (1998). “[T]he ‘product of reasonable hours times a reasonable rate’ normally provides a ‘reasonable’ attorney’s fee.” Blum v. Stenson, 465 U.S. 886, 897, 104 S.Ct. 1541, 79 L.Ed.2d 891 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). “The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation.” Ramos v. Lamm, 713 F.2d 546, 553 (10th Cir.1983). In that regard, the Court will consider whether the hours claimed were (1) unreasonable on their face, (2) otherwise contraindicated by the factors itemized in Hensley, 461 U.S. at 430, 103 S.Ct. 1933, or Ussery v. Brown, 10 Vet.App. 51, 53 (1997), for measuring reasonableness, or (3) persuasively opposed by the Secretary. See Chesser, 11 Vet.App. at 501-02.
The appellant requests reimbursement for $13,419.64 in attorney time (98.5 hours at $136.24 per hour) and for $204.67 in expenses. The Secretary did not, in his response to the EAJA application, contest the reasonableness of the $13,624.31 sought by the appellant. Based on the circumstances of this case, the Court concludes that the amount requested is reasonable, see Chesser, 11 Vet.App. at 501-02, and will therefore grant the appellant’s EAJA application in full.
III. CONCLUSION
Upon consideration of the foregoing analysis, the appellant’s March 28, 2001, EAJA application is GRANTED.