# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-906

GEORGE R. THEISS,                                                    APPELLANT,

  V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                              APPELLEE.

Before IVERS *Chief Judge*, and STEINBERG, GREENE,
KASOLD, and HAGEL, *Judges*.

## O R D E R

On July 27, 2004, in a panel decision, the Court vacated the April 6, 2001, decision of the Board of Veterans' Appeals (Board) that determined that the appellant was not entitled to additional non-service-connected pension benefits for dependents under section 1521(c) of title 38, U.S. Code, for his 18-year-old son, who was attending a State-of-Wisconsin-approved home school, and remanded the matter to the Board for readjudication. On August 17, 2004, the Secretary filed a timely motion for reconsideration, or , in the alternative, for full Court review. "Motions for a full-Court decision are not favored. Ordinarily they will not be granted unless such action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional important." U.S. VET. APP. R. 35(c).

Upon consideration of the foregoing and the prior pleadings of the parties, it is

ORDERED, by the panel, that the motion for reconsideration is denied. It is

ORDERED, by the full Court, that the motion for a full-Court decision is denied.

DATED:  November 18, 2004     PER CURIAM.

KASOLD, *Judge*, dissenting: I respectfully dissent from the denial of the Secretary's motion for panel reconsideration in this case. Although the Secretary argues that the Court erred, I believe that the Court has correctly determined that the VA General Counsel precedent opinion 3-98 (March 19, 1998) and the March 8, 2000, amendments to 38 C.F.R. § 3.57 were legislative in nature and therefore improperly promulgated without complying with the notice-and-comment procedures of the Administrative Procedure Act, 5 U.S.C. § 553, *see Theiss v. Principi*, 18 Vet.App. 204, 212-14 (2004). Having been presented with a request to reconsider, however, the Court is not limited to the reasons underlying the request upon which to grant that request; indeed, the Court may reconsider

its decisions sua sponte. *See Simmons v. West*, 14 Vet.App. 84, 85 (2000); *Zevalkink v. Brown*, 8 Vet.App. 430, 431 (1994). I believe that the Court should grant reconsideration and modify its decision by reversing the Board decision rather than simply leaving the matter remanded.

The primary issue before the Court in *Theiss* was whether Mr. Theiss's 18-year-old son was a child for VA-benefits purposes while he was completing high school in a home-school program under the authority of the State of Wisconsin. Pursuant to 38 U.S.C. § 101(4)(A)(iii), an 18-to-23-year-old student who is pursuing a course of instruction "at an approved educational institution" is a child for VA-benefits purposes. At the time of Mr. Theiss's claim, there was no regulation or General Counsel precedent opinion addressing home schooling and whether it could be considered a course of instruction at an approved educational institution for VA-benefits purposes. Although the Board relied on the post-claim, purported-interpretive General Counsel precedential opinion and newly promulgated regulation in holding that the law precluded home schooling from being an approved educational institution, that holding – and the purported interpretation of the law – is exactly what was rejected in *Theiss* .

Having rejected the Board's interpretation of the law, the Court should have proceeded to address Mr. Theiss's claim by interpreting the law and determining the appropriate remedy. *See Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc) (Court reviews interpretations of law de novo). Indeed, reversal is the appropriate remedy when the Board has made all the proper findings of fact necessary to decide a claim but has made an incorrect judgment of law. *See Thompson v. Gober*, 14 Vet.App. 187, 188 (2000). Because this is a dissent to the Court's denial of reconsideration, I will not elaborate on the merits, but suffice it to say the following.

In reviewing the law, the Court is duty-bound "to find that interpretation which can most fairly be said to be imbedded in the statute, in the sense of being most harmonious with its scheme and with the general purposes that Congress manifested." *C.I.R. v. Engle*, 464 U.S. 206, 217 (1984) (quoting *NLRB v. Lion Oil Co.*, 352 U.S. 282, 297 (1957) (Frankfurter, J., concurring in part and dissenting in part)). The approval of schools in our federalist system is the function of the state. *See Freeman v. Gould Special School Dist. of Lincoln County, Ark.*, 405 F.2d 1153, 1161 (8th Cir. 1969) ("Local autonomy must be maintained to allow continued democratic control of education as a primary state function, subject only to clearly enunciated legal and constitutional restrictions."). Moreover, the home-schooling program at issue in this case has been authorized by the state as equal to other private schools, *see* Act of May 10, 1984, 1983 Wis. Act 512 (1984) ("establishing criteria for defining private schools and home-based private educational programs"), and the right of parents to choose home-schooling for their children is protected as fundamental, *see Wisconsin v. Yoder*, 406 U.S. 205, 232 (1972) (establishing as fundamental the right of parents to choose the schooling of their children, including to "guide the religious future and education of their children"); *see also Employment Division, Dept. of Human Resources of Oregon v. Smith*, 494 U.S. 872, 881 (1990). The obvious congressional intent behind authorizing additional VA benefits to be provided to individuals with children pursuing their education was to encourage the continued education of our youth. I believe state authorized high-school education, no matter what form it takes, clearly falls within the schooling Congress had in mind when extending VA benefits to individuals with children

continuing their education. Moreover, to the extent there is any ambiguity here, and in the absence of any valid and applicable regulations, such ambiguity must be resolved in the veteran's favor. *See Brown v. Gardner*, 513 U.S. 115, 118 (1994); *Disabled Am. Veterans v. Sec'y of Veterans Affairs*, 327 F.3d 1339, 1344 (Fed. Cir. 2003); *Disabled Am. Veterans v. Gober*, 234 F.3d 682, 692 (Fed. Cir. 2000). Accordingly, I believe the Board's decision, which was based on the General Counsel's and the Secretary's purported interpretation of the statute, was erroneous; the failure to recognize home schooling to complete high school education as a course of instruction sufficient to warrant approval of additional VA benefits was improper.

Although the Secretary has been given the discretion to approve or disapprove an educational institution, 38 U.S.C. § 104(a), his discretion is not unbounded, *see* 38 U.S.C. § 7261(a)(3) (Court may set aside "decisions, findings, conclusions, rules, and regulations" of the Board or the Secretary "found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"); *but see Heckler v. Chaney*, 470 U.S. 821 (1985) (recognizing "narrow exception" for certain matters committed to agency discretion). Moreover, when the Secretary relies on a purported interpretation of the statute, as was done in this case, that purported interpretation is clearly subject to review. *See Wellman v. Whittier*, 259 F.2d 163, 167 (D.C. Cir. 1958) (if exercise of discretion rests "upon an erroneous interpretation of law, it may be subject to review by the courts"); *see also Butts*, *supra*.

Although I do not believe the Secretary's rejection of home schooling was an exercise of discretion (rather, he attempted, unsuccessfully, to interpret the law, *see Wellman*, *supra*), to the extent it was (or might become), I would find such exercise to be arbitrary and capricious. I find it inconceivable that Congress would expand veteran's benefits to take account of the dependency of children continuing their education, yet give the Secretary the authority to deny additional benefits to individuals with children who are completing their high-school education, pursuant to state authorization, simply because they are completing that education through home schooling. Moreover, I believe the rejection of home schooling violates constitutional due process and equal protection guarantees, although in light of the other reasons stated, I would avoid deciding this matter on constitutional grounds. *See Wanner v. Principi*, 17 Vet.App. 4, 14 (2003) (Court eschews deciding constitutional questions when a case may be otherwise decided), *vacated on other grounds*, 370 F.3d 1124 (Fed. Cir. 2004).

For the foregoing reasons, I respectfully dissent.