KASOLD, J.,
dissenting:
With due respect to my colleagues, I believe that they mistake the reason the underlying merits case was sent to panel with the reason the Board’s decision ultimately was vacated and remanded. Succinctly stated, the merits case was sent to panel, inter alia, to address the parties’ argument over whether a retroactive medical examination was warranted under 38 U.S.C. § 5103A. The panel determined that it might be warranted, but remanded the matter because the Board failed to address the credibility of the lay testimony that might substantiate a higher rating (and that might then warrant a retroactive medical examination). Chotta v. Peake, 22 Vet.App. 80, 84 (2008) (“the Board should assess and weigh the credibility of such [lay] statements contained in the record”), 85 (“Rather, the Board should assess all the evidence and determine if a staged rating is appropriate.”), (“the Board is reminded that a medical opinion may not be needed to validate lay testimony of observable symptoms” (emphasis added)), 86 (“Accordingly, the Court remands this matter so the Board can weigh and assess the probative value of the lay testimony and reconsider its decision in light of this new opinion.”).
Also succinctly stated, failure of the Board to weigh lay testimony has been *79 deemed error since the Court was established, id. at 84 (citing “Dalton v. Nicholson, 21 Vet.App. 23, 38 (2007)”) (“‘The [Board] has the duty to assess the credibility and weight to be given to the evidence.’ ” (quoting Wood v. Derwinski, 1 Vet.App. 190, 193 (1991))), 86 (citing “Schafrath v. Derwinski, 1 Vet.App. 589, 593 (1991)) (Board decision vacated where it contained no analysis of credibility or probative value of lay testimony, nor a statement of reasons or bases for implicit rejection of that evidence.”), and such error simply is not substantially justified, see, e.g., ZP v. Brown, 8 Vet.App. 303, 304 (1995) (per curiam order) (Board not substantially justified in failing to comply with applicable and established Court precedent).
Perhaps the EAJA application does not warrant approval in full, but it certainly does not warrant denial based on substantial justification on the part of the Secretary. Accordingly, I respectfully dissent.