KASOLD, Chief Judge,
dissenting:
I issued the single judge memorandum decision affirming the Board decision that denied Mrs. El-Amin entitlement to VA benefits for the cause of her husband’s death, while noting that Mrs. El-Amin had submitted a confusing brief. Through new counsel, Mrs. El-Amin filed a motion for reconsideration and in the alternative panel review on the basis that the medical opinion relied on by the Board was inadequate because it did not address aggravation. Although piecemeal litigation is not condoned, Fugere v. Derwinski, 1 Vet.App. 108, 105 (1990) (“Advancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court. Such a practice hinders the decision-making process and raises the undesirable specter of piecemeal litigation.”), the request for reconsideration brought clarity to the original argument and the issue warranted panel review because the outcome now appeared to be reasonably debatable. Accordingly, I granted reconsideration and forwarded Mrs. El-Amin’s appeal to panel for decision. See Frankel v. Derwinski, 1 Vet.App. 23, 25-26 (1990) (finding that a single judge may resolve an appeal if “the case on appeal is of relative simplicity and[, inter alia,] ... does not apply an established rule of law to a novel fact situation [or] the outcome is not reasonably debatable”).
On panel review, I disagree with the conclusion reached by the majority.[2] Succinctly stated, although the examiner’s opinion is not perfect, I do not find it limited to direct causation or so unclear as to aggravation that the Board was clearly erroneous in its (1) view of that opinion in the context of the entire record, (2) weighing of all of the record evidence, or (3) decision that Mr. El-Amin’s death was not service connected. See Gilbert v. Derwinski, 1 Vet.App. 49, 52 (1990) (“‘Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous.’ ” (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985))); see also Thompson v. Gober, 14 Vet.App. 187, 192 (2000) (“ ‘Perfection is an aspiration, but the failure to achieve it in the judicial process, as elsewhere in life, does not, absent injury, require a repeat performance.’ ” (quoting Miles v. M/V Mississippi Queen, 753 F.2d 1349, 1352 (5th Cir.1985))); see also Stallworth v. Nicholson, 20 Vet.App. 482, 491 *143 (2006) (Lance, J., dissenting) (noting that an “unjustified remand [ ] only ‘perpetuates the hamster-wheel reputation of veterans law’”) (quoting Coburn v. Nicholson, 19 Vet.App. 427, 434 (2006) (Lance, J., dissenting)).
Nevertheless, I note that this case underscores the need for panel review when — prior to oral argument or panel discussion — the outcome of a case appears reasonably debatable as to the facts. See Frankel, 1 Vet.App. at 25-26. Claimants for VA benefits get a one-person review at the agency of original jurisdiction and a one-person review at the Board. Although most of our cases can and should be decided by a single judge, Frankel does not limit panel review to questions of law and there should be little hesitation to send a case to panel when the result could be reasonably debatable. Id.; see also Washington v. Nicholson, 19 Vet.App. 362, 372-75 (2005) (Kasold, J., concurring in part and dissenting in part) (disagreeing on the weighing of the facts).

. Although I disagree with the ultimate decision of the majority, I concur in their recognition of the superior oral advocacy of counsel for both parties.