**Paul T. BLEDSOE, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 89–141.**

United States Court of Veterans Appeals.

Argued Aug. 28, 1990.

Decided Sept. 19, 1990.

As Amended Sept. 20, 1990.

Lawrence B. Hagel, with whom Robert L. Nelson was on the brief, for appellant.

Stephen A. Bergquist, with whom Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and Andrew J. Mullen, Deputy Asst. Gen. Counsel, were on the brief, for appellee.

Before FARLEY, MANKIN and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

The appellant, a disabled veteran receiving disability compensation at a rating of 100 percent, claims additional compensation based on the mental condition of his son who is now 31 years old. The law provides for such additional compensation for veterans with more than 30 percent disability when the evidence establishes that the child "became permanently incapable of self-support" before "attaining the age of eighteen years." 38 U.S.C. §§ 101(4)(A)(ii), 315(1), and 335 (1988). Otherwise compensation for children terminates at the age of 18 except for students, an exception not relevant to this appeal. The Secretary of Veterans Affairs has implemented this statute in 38 C.F.R. The pertinent provisions of this regulation provide in relevant part that:

(b) [The] determinations will be made solely on the basis of whether the child is permanently incapable of self support

through his own efforts by reason of physical or mental defects. The question of permanent incapacity ... is one of fact ... on competent evidence of record in the individual case.

(b)(2) A child shown by proper evidence to have been permanently incapable of self-support prior to the date of attaining 18 years, may be so held at a later date even though there may have been a short intervening period or periods when his or her condition was such that he or she was employed, provided the cause of incapacity was the same as that upon which the original determination was made ... Employment which was only casual, intermittent, tryout, unsuccessful, or terminated after a short period by reason of disability should not be considered as rebutting permanent incapability of self support otherwise established.

38 C.F.R. § 3.356 (1989).

The evidence submitted in the record by the appellant shows that his son was marginally retarded. He had difficulty with school work and despite a great deal of special education never qualified for a high school diploma; he received a certificate of completion. Subsequent to schooling, which ended in 1977, he was employed in a series of jobs at diverse salaries. These jobs lasted in time from a few weeks to, in one case, more than a year. The reasons he gave for leaving the jobs ranged from dissatisfaction with the wages to moving from one city to another (his mother lived in Texas or Oklahoma most of this time and his father in Los Angeles). The record does not show that any job was terminated because of disability or dissatisfaction by the employer with the work being performed. His ability to work and function in society apparently deteriorated sometime after 1983. In 1988, some 10 years after he turned 18, it does appear from an adjudication by the Social Security Administration that appellant's son was determined to be incapable of self-employment because of a mental disability, i.e., a "bi-polar disorder with severe depression." This disability was not described as "permanent." In fact, its duration was left open for further,

periodic review by the Social Security Administration.

The Board of Veterans' Appeals thoroughly discussed and evaluated the evidence adumbrated above. The Board found that the "bi-polar disorder ... in 1987 was not present prior to March 1977." In the portion of the decision denominated Law And Regulations the correct statutory and regulatory standards were recognized. In that portion of the decision denominated Finding Of Fact the board found, inter alia, that the appellant's son had "completed high school and was not permanently incapable of obtaining and maintaining substantially gainful employment before reaching age 18." The Board therefore found in the portion of its decision denominated Conclusion Of Law that the appellant's son was not permanently incapable of self-support within the meaning of the statute.

█ The appellant now argues that the Board was "clearly erroneous" in its determination of the capacity of the appellant's son to support himself. This is, under the circumstances of this case, a question of fact. Therefore, the "clearly erroneous" standard is the one we must apply in assessing the Board's decision. 38 U.S.C. § 4061(a)(4) (1988). The Board was not persuaded that the appellant made a sufficient showing of linkage between the disabling mental condition first established in 1987 and the condition of the son before he reached 18 in 1977. In fact, as noted above, the Board affirmatively found that the bi-polar disability did *not* exist in 1977. The Board's conclusion is well-grounded in the record. It follows that the decision below was not clearly erroneous.

█ The failure to establish the permanent disability prior to the 18th birthday of the appellant's son is dispositive. We do feel constrained, however, to comment on another issue raised by appellant. In its formal finding of fact quoted above, the Board used the term "incapable of obtaining and maintaining gainful employment." Appellant correctly points out that this phrase is one used in 38 C.F.R. §§ 4.15–4.18 (1989), to help determine the disability of a veteran. We agree with appellant that

it was wholly incorrect to use this standard in determining the disability of the veteran's son. However, when the entire opinion of the Board is read it is clear that the Board was aware of and applied the correct statutory and regulatory standard. In eleven different places in the opinion, the Board iterates the "capacity of self-support" standard as the one to be applied. This is the correct standard. We do caution the Board, particularly now that there will be judicial review of many of its decisions, to be careful in its draftsmanship. It is important that this Court and the veteran be clearly apprised as to the basis of the Board's decision. In this case, a one-time use of the incorrect standard ("incapable of ... substantially gainful employment") in a decision that stated the correct standard ("permanent incapacity of self-support") eleven times, although harmless under the circumstances, did create some confusion in an otherwise well-drafted and well-reasoned decision. The decision by the Board is affirmed.