Donna Jo DOBSON, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–1136.

United States Court of Veterans Appeals.

March 30, 1993.

**444**

Donna Jo Dobson, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and John C. Winkfield, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Associate Judges.

NEBEKER, Chief Judge:

This appeal presents for review an April 12, 1991, Board of Veterans' Appeals (Board) decision which found that appellant was not a "child" under the provisions of 38 U.S.C.A. § 101(4) (West 1991) and 38 C.F.R. § 3.356 (1992) and therefore not entitled to dependency and indemnity compensation under 38 U.S.C.A. § 1313 (West 1991). Upon consideration of the pleadings and the record on appeal, the Court holds that the Board misapplied the above-cited statute and regulation.

## I.

In 1979, at age 15, appellant fractured her neck in a car accident and was hospitalized for 18 days. R. at 2–10. Two years later, her father, a veteran, died as a result of service-connected injuries. In 1989, appellant applied for dependency and indemnity compensation under 38 U.S.C.A. §§ 1313, 1314 (West 1991), asserting that the car accident left her disabled and incapable of self-support. R. at 11. With her claim, she submitted hospital reports from the time of her car accident, letters from associates describing appellant's pain, and her own statement that she has never had a job. R. at 2–10, 14–15, 18. The Regional Office (RO) denied the claim, finding "no evidence of incapacity for self-support prior to the age of 18." R. at 20.

In 1990, she was given a physical and psychiatric examination by the Department of Veterans Affairs (formerly Veterans' Administration) (VA). The psychiatric examiner diagnosed her with generalized anxiety disorder, dysthymic disorder, and passive-aggressive personality disorder, and attributed these to the car accident, but opined that her "psychological status does not render her incapable of self support." R. at 48. Her physical examination revealed that since the accident she has suffered from "chronic pain and stiffness in her neck ...."; that she has been taking the painkiller Darvocet four times daily for years; and that she has "considerable tenderness over the area of her scar and over the posterior neck area, and also over the shoulders and upper part of her back." The examination also revealed that the motion of her cervical spine is "limited approximately 70% in all directions. She can only elevate her arms to about 90° because of shoulder and neck pain. External rotation and internal rotation are limited to about 75°." R. at 37, 49.

The RO considered the above reports, but found that she did not qualify for benefits. Appellant appealed to the Board, which found the following:

... [T]he appellant's orthopedic disability is not shown by the recent VA examination to be so severe as to preclude her from obtaining some type of gainful employment. While employment opportunities may be limited due to her disorders, the disorders will not prevent the actual performance of all types of work....

We note the appellant's contention that her disorders will not improve. However, because the appellant graduated from high school after the motor vehicle accident and after her 18th birthday and because her disorders are not totally disabling, we conclude that she has not been rendered permanently incapable of self-support prior to the age of 18.

*In the Case of Floyd J. Dobson*, BVA 91–11701, at 6 (Apr. 12, 1991). Appellant appealed to this Court. Upon review of the pleadings and the record on appeal, we hold that the Board misapplied the provisions of 38 U.S.C.A. § 101(4) and 38 C.F.R. § 3.356.

## II.

The "child" of a deceased veteran is entitled to dependency and indemnity compensation when, as here, the veteran died as a result of service-connected disabilities. *See* 38 U.S.C.A. §§ 1313, 1314. A "child," under 38 U.S.C. § 101, includes an unmarried person who, "before attaining the age of eighteen years, became permanently incapable of self-support...." 38 U.S.C.A. § 101(4)(A)(ii). The accompanying regulation, 38 C.F.R. § 3.356, similarly provides that a person may qualify as a "child," if he or she is "shown to [have been] permanently incapable of self-support by reason of mental or physical defect *at the date of attaining the age of 18 years.*" 38 C.F.R. § 3.356(a) (emphasis added).

Thus, an adjudicatory body's focus of analysis must be on the claimant's condition at the time of his or her 18th birthday; it is that condition which determines whether the claimant is entitled to the status of "child." Once a claimant attains the status of "child" under the statute, his or her status to receive benefits "is a statutorily created 'property' interest protected by the Fifth Amendment." *Fugere v. Derwinski*, 1 Vet.App. 103, 110 (1990) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976)). The Secretary of Veterans Affairs (Secretary) cannot discontinue that status without notifying the "child" of "the contemplated action and [furnishing] detailed reasons therefor." 38

C.F.R. § 3.105(g) (1992). The Secretary is required to give the "child" 60 days for the "presentation of additional evidence to show that the benefits should be continued at their present level." *Id.* Accordingly, the Board must make an initial determination as to the claimant's condition at the delimiting age. If the claimant is shown to have been capable of self-support at 18, the Board need go no further. If, however, the record reveals that he or she was permanently incapable of self-support at 18, the Board must point to evidence that her condition has changed since that time.

The Board, here, made no findings as to appellant's condition at age 18, other than to conclude that her present condition at age 29, coupled with the fact that she graduated from high school, proves that she "has not been rendered permanently incapable of self-support prior to age of 18." **In the Case of Floyd J. Dobson,** BVA 91–11701, at 6 (emphasis added). The Board incorrectly placed emphasis on appellant's graduation from high school—some 5 years late—as proof of her ability to be self-supporting at age 18. If anything, her belated graduation lends evidentiary support to appellant's contention that she was incapable of self-support at 18; surely, her delayed graduation is more probative of an inability to be self-supporting than not.

In addition, although section 3.356(a) provides that "rating criteria applicable to disabled veterans [are] not controlling" when considering whether appellant is capable of self-support, this does not mean that the statutory requirement to provide reasons or bases, 38 U.S.C.A. § 7104(d)(1) (West 1991), and the equipoise doctrine of 38 U.S.C.A. § 5107(b) (West 1991), are inapplicable to cases concerning a claimant's status as "child" under 38 U.S.C.A. § 101(4). Here, the Board failed to provide an adequate statement of reasons or bases, *see Gilbert v. Derwinski*, 1 Vet.App. 49, 56 (1990), for its conclusion that appellant's orthopedic disability was not so severe as to preclude her from supporting herself.

### III.

Assuming that appellant was permanently disabled at age 18, her present condition then becomes relevant. Although the psychiatric examiner opined that appellant's psychiatric condition is not so severe as to affect her ability to maintain employment, the physician who conducted her physical examination gave no such opinion. Rather, he merely noted that she had considerable tenderness over her neck, shoulders, and upper back, that the motion of her cervical spine is limited 70% in all directions, and that she can only elevate her arms to about 90 degrees.

In addition, the Board ignored affidavits from appellant's associates attesting to the fact that she experiences a great deal of pain. Similarly, the Board provided no reasons or bases for its rejection of appellant's testimony, other than to point to her graduation from high school as rebutting her contentions. Graduation from high school, however, does not by itself prove an ability to support oneself. Last, the Board failed to address the provisions of section 3.356(b) which provide, in pertinent part:

> A child shown by proper evidence to have been permanently incapable of self-support prior to the date of attaining the age of 18 years, may be so held at a later date *even though there may have been a short intervening period or periods when his or her condition was such that he or she was employed,* ...

38 C.F.R. § 3.356(b) (emphasis added).

Accordingly, the Secretary's motion for summary affirmance is denied, the Board's decision is VACATED, and the case is REMANDED for the Board to address appellant's condition at her 18th birthday. If she is found to have been permanently disabled at that age, the Board must address whether the Secretary has met his burden of showing improvement in her condition, sufficient to render her capable of self-support.