Mary A. GOLLIDAY, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93–261.

United States Court of Veterans Appeals.

Dec. 20, 1994.

Robert A. Laughlin, Omaha, NE, was on the pleadings, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Adrienne Koerber, Deputy Asst. Gen. Counsel, and Barbara J. Finsness, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and STEINBERG, Judges.

STEINBERG, Judge:

The appellant, Mary Golliday, is seeking an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), following a remand order by this Court (pursuant to a joint motion to remand) directing the Board of Veterans' Appeals (BVA or Board) to apply the analysis in *Dobson v. Brown*, 4 Vet.App. 443 (1993), to the appellant's claim, as custodian for her minor child, for dependency and indemnity compensation (DIC) under 38 U.S.C. §§ 101(4), 1313, and 1314 and 38 C.F.R. § 3.356 (1993). The only contested issue is whether the Secretary's position was substantially justified. The appellant argues that the government's position was not substantially justified because the BVA misapplied the statutes and regulation. The Secretary, citing *Stillwell v. Brown*, 6 Vet.App. 291 (1994), *appeal docketed*, No. 94–7090 (Fed.Cir. June 20, 1994), argues that his position was substantially justified because the BVA's erroneous pre-*Dobson* interpretation of the law was reasonable, given the complexity of the statutes and regulation. The Court agrees with the Secretary and will deny the application.

## I. Background

The appellant has applied for attorney fees and expenses under the EAJA in connection with her appearance before this Court in an appeal of a February 2, 1993, BVA decision. The claimant is the custodian and mother of Eric J. Golliday (Eric). Record (R.) at 19. Eric is the son of veteran James E. Mickens (R. at 21), who had active military service from February 1966 to September 1968 and died in September 1985. R. at 6, 17, 113. In September 1985, the claimant filed with a Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) an application for DIC as the custodian of Eric. R. at 115, 117. In October 1985, the VARO found that the cause of the veteran's death was service connected and that Eric was eligible for DIC. R. at 115. In July 1988, the claimant applied for continued DIC for Eric as a helpless child under 38 U.S.C. § 101(4) and 38 C.F.R. § 3.356 (1993), asserting that Eric was disabled due to sickle-cell disease and was enrolled in a special education class. R. at 125. Eric attained the age of eighteen in January 1989. R. at 7. Following his eighteenth birthday, Eric worked part time as a delivery person, and received a general equivalency diploma (GED) in November 1991. R. at 286, 325.

In July 1989, the RO denied the claim for helpless-child benefits. R. at 223. Following a second RO denial in February 1990 (R. at 275) and an adverse decision by a hearing officer in August 1990 (R. at 294), the claimant appealed to the BVA (R. at 299). The BVA denied the claim in a May 20, 1991, decision. R. at 316–22. On appeal to this Court, the case was initially stayed pending a motion for reconsideration (*see* R. at 332); the Court then vacated the decision and remanded the matter when the motion for reconsideration was granted (R. at 340). In a February 2, 1993, reconsideration decision following remand, the BVA again denied the claim. R. at 11. The BVA decision stated that in order to receive benefits pursuant to 38 C.F.R. § 3.356 the child of the veteran must be shown to be currently and permanently incapable of self-support and to have been incapable of self-support since before attaining the age of eighteen. R. at 8. The BVA decision concluded: "A showing of present incapacity for self-support caused by a disability which had its onset prior to the age of 18, and which was not productive of permanent incapacity for self-support prior to the age of 18, is not sufficient to qualify for benefits under 38 U.S.C. § 101(4) and 38 C.F.R. § 3.356". *Ibid.*

The BVA reconsideration decision noted the fact that the Social Security Administration had found Eric to be disabled since birth, that Eric had missed school, and that he had been delayed in receiving a GED. R. at 10. The Board found that this evidence was outweighed by evidence that Eric did attain a GED, that he had worked part time after attaining the age of eighteen, and that a May 1989 medical examination report indicated that although he was "somewhat restricted", could not perform heavy manual labor, and might in the future become totally disabled from performing manual labor, he "should be able to function in the intellectual sphere where he appeared to be normal". R. at 9–10.

On March 19, 1993, the claimant filed a Notice of Appeal (NOA) from the February 2, 1993, BVA decision. Also on March 19, 1993, Robert A. Laughlin, Esquire, filed a Notice of Appearance for the appellant, with attached fee agreement. On March 30, 1993, the Court issued its decision in *Dobson, supra,* which interpreted 38 U.S.C. §§ 101(4), 1313, 1314 and 38 C.F.R. § 3.356. The appellant's brief, filed November 8, 1993, did not refer to *Dobson.* On January 6, 1994, the Secretary filed an unopposed motion for a stay of proceedings until February 6, 1994, "so that the parties may more fully explore the possibility of the filing of a joint motion for remand in this case".

On February 7, 1994, the parties filed a joint motion for remand and stay of proceedings (Joint Motion), "to remand this case to the [BVA] for further adjudication in accordance with this Court's decision in *Dobson*". The Joint Motion stated, in part:

> The Court in *Dobson* stated, "[t]hus, an adjudicatory body's focus of analysis must be on the claimant's condition *at the time of his or her 18th birthday;* it is that condition which determines whether the claimant is entitled to the status of [']child[']." (emphasis added)....
>
> . . . .
>
> The only evidence the BVA cites to support [its February 2, 1993 decision] is evidence which occurred *after* Eric's 18th birthday on January 16, 1989.
>
> . . . .

Therefore, this case must be remanded for the BVA to make its determination of whether or not Eric was permanently incapable of self-support by reason of mental or physical defect as of the date of his 18th birthday, based upon the Court's interpretation of the applicable statutes and regulations.

Joint Motion at 1–3 (first pair of brackets and contents appears in original).

On February 9, 1994, the Court granted the Joint Motion, vacated the BVA decision, remanded the matter, and entered judgment, retaining jurisdiction under Rule 39(a) of the Rules of Practice and Procedure (Rules) for the limited purpose of entertaining an application for attorney fees and expenses. On March 21, 1994, the Court received from the appellant an EAJA application (Application) for attorney fees of $2,581.79 for 34.1 hours at $75.00 per hour and expenses of $24.29, for services performed by attorney Robert A. Laughlin. Judgment was entered on March 24, 1994, pursuant to the March 1, 1994, amendment of Rule 36, which does not provide for retention of jurisdiction. On May 23, 1994, the Court ordered the appellant's Application filed as of May 23, 1994.

## II. Analysis

The Federal Courts Administration Act (FCAA), Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992), which made the EAJA applicable to this Court, provided that it applied to all cases "pending before the United States Court of Veterans Appeals on the date of the enactment of this Act [and] to any appeal filed in that court on or after such date". The date of enactment of the Act was October 29, 1992. The NOA in the instant case was filed on March 19, 1993. Therefore, this appeal was filed after the enactment of the FCAA, and the Court has jurisdiction to decide this EAJA application.

An EAJA application must be filed within 30 days after the judgment in the case becomes final and nonappealable. *See* 28 U.S.C. § 2412(d)(1)(B), (2)(G). In *Stillwell,* 6 Vet.App. at 300, the Court held that when an EAJA application was filed after judgment had entered but before judgment had become final, the application should be treated

as if it were later filed; alternatively, in the case of an order granting a joint motion for remand, the order is the mandate (*see* Rule 41(b) of the Rules) and the 30–day EAJA filing period then begins to run. *Stillwell,* 6 Vet.App. at 300. Here, the Joint Motion was granted on February 9, 1994, and the appellant's Application was not received until March 21, 1994; thus, the Application was not timely filed in regard to the order granting the Joint Motion. However, in its May 23, 1994, order, the Court deemed the Application filed as of the date that the 30–day EAJA filing period began to run following the March 24, 1994, entry of judgment, and thus the application was timely filed with respect to the entry of judgment. *Ibid.*

■ Under the Court's Rule 39 and applicable precedents, an EAJA applicant must meet three requirements in addition to timely filing. *See Stillwell, supra; Cook v. Brown,* 6 Vet.App. 226, 237 (1994), *appeal docketed,* No. 94–7073 (Fed.Cir. May 17, 1994). First, the application must allege that the appellant was a prevailing party. In her Application, the appellant stated that she "is a prevailing party and eligible to receive an award under [EAJA]". Application at 1. Second, the appellant must allege that the position of the government was not substantially justified. The appellant alleged in her Application that "specific positions of the Secretary were not substantially justified". *Ibid.* Third, an EAJA applicant must meet a net worth requirement. For an individual, net worth cannot exceed $2,000,000. On March 19, 1993, the appellant filed a motion to proceed without cost wherein she indicated that her net worth was below $2,000,000.

■ The Secretary, in his June 19, 1994, response (Response) to the appellant's Application, does not contest the appellant's status as a prevailing party under EAJA, but does argue that the Secretary's position was substantially justified and that the appellant therefore "is not entitled to an award of attorney's fees under the EAJA". Response at 7. Substantial justification is an affirmative defense, and where a lack of substantial justification is alleged, the burden shifts to the Secretary to prove substantial justification. *See Brewer v. American Battle Monu-*

*ments Comm'n,* 814 F.2d 1564, 1569 (Fed. Cir.1987); *Gavette v. OPM,* 808 F.2d 1456, 1467 (Fed.Cir.1986) (en banc); *Stillwell,* 6 Vet.App. at 301; *Cook,* 6 Vet.App. at 237.

■ The meaning of "substantially" justified is "not 'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (cited in *Chiu v. United States,* 948 F.2d 711, 715 (Fed.Cir.1991)). The position of the government must be justified as to the entire civil action, including both the litigation posture and the merits of the agency action at issue in the underlying case. *See Gavette, supra.* Although the government's position must be substantially justified as to both the merits and the litigation phases, a court need make only one determination regarding substantial justification as to the entire civil action. *See Commissioner, INS v. Jean,* 496 U.S. 154, 159, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990).

■ This Court has adopted the following test for substantial justification:

> [T]he VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.

*Stillwell,* 6 Vet.App. at 302 (citing *Pierce, supra; Gavette, supra;* and *Essex Electro Engineers, Inc. v. United States,* 757 F.2d 247, 252 (Fed.Cir.1985)). An appellant is not automatically entitled to an award of EAJA fees and expenses in a case where the government has lost on the merits. *See Essex Electro Engineers,* 757 F.2d at 253.

In the instant case, the appellant alleged that the position of the government was not substantially justified in that:

[VA] failed to file a brief and has conceded in the Joint Remand [that] BVA failed to correctly apply the applicable law and regulations to Appellant's case. The BVA has had two (2) prior attempts to apply the law correctly and despite the undersigned correctly interpreting and urging [VA] to correctly apply 38 C.F.R. [§] 3.356, the BVA has failed to do so. In the interim, benefits for the child, who has turned of majority have never been paid by the VA under the helpless child regulation, despite the Social Security Administration's finding that he was disabled from birth.

Application at 1.

The Secretary defended based on the holding in *Stillwell, supra:*

In *Stillwell,* the Court denied Appellant's application for attorney's fees, finding that the VA's position was substantially justified. The *Stillwell* case turned on the proper construction of 38 U.S.C. § 101(3) and its interpretive regulation, 38 C.F.R. § 3.53, concerning the definition of "continuous cohabitation" for the purposes of qualifying as a "surviving spouse" of the veteran. In the precedent case of *Gregory v. Brown,* 5 Vet.App. 108 (1993) [*Gregory I* ], the inconsistency between the plain meaning of the statute, which required misconduct of the veteran, and the regulation, which required the spouse to be free of fault, led the Court to invalidate the first sentence of the regulation, 38 C.F.R. § 3.53(a). Pursuant to the decision in [*Gregory I* ], the Secretary, who had previously moved for summary affirmance in the *Stillwell* case, then entered into a joint remand for readjudication of the case in a manner consistent with the Court's holding in [*Gregory I* ].

The present case is distinguishable from *Stillwell* because the Court in the *Dobson* case did not invalidate any part of the pertinent regulation. However, the cases otherwise are strikingly similar.

Response at 11.

### A. Secretary's Position in the Litigation Phase

■ As to the litigation position of the government, the Secretary initiated the 1994 Joint Motion. He did so even though the appellant's brief did not discuss or cite to *Dobson, supra,* which had issued seven months before the appellant's brief was filed. In *Stillwell, supra,* the Court. cited the fact that VA had "initiated negotiations with appellant to remand the matter here immediately following the issuance of [the controlling opinion in *Gregory I* ]" as a factor supporting the finding of substantial justification. *Stillwell,* 6 Vet.App. at 304. *See also Essex Electro Engineers,* 757 F.2d at 253 (Federal Circuit found government's litigation position substantially justified where "government did not drag its feet, but rather, cooperated in speedily resolving the litigation").

### B. Secretary's Position in the Administrative Process

As to the position of the government in the administrative process, the Court in *Dobson, supra,* invalidated the Secretary's interpretation of 38 C.F.R. § 3.356 in light of 38 U.S.C. §§ 101(4), 1313, and 1314, the same statutes and regulation at issue in the instant case. The Secretary argues that his application of the law in the instant case was nevertheless reasonable in light of the complexity of the law and the fact that *Dobson* was a case of first impression which had not yet been decided when the BVA decision denying Eric's claim was issued. The Secretary notes that *Stillwell, supra,* also involved an EAJA application where the Court, during the pendency of the underlying case, had decided another case which invalidated the Secretary's interpretation of the law at issue in the underlying case, yet that in *Stillwell* the merits position of the government was held to have been substantially justified. *See also Gregory v. Brown,* 7 Vet.App. 127 (1994) [*Gregory II* ].

The Court stated in *Stillwell:*

Two special circumstances may also have a bearing upon the reasonableness of the litigation position of the VA, and of the action or inaction by the VA at the administrative level. One is the evolution of VA benefits law since the creation of this Court that has often resulted in new, different, or more stringent requirements for

adjudication. The second is that some cases before this Court are ones of first impression involving good faith arguments of the government that are eventually rejected by the Court.

*Stillwell,* 6 Vet.App. at 303. The Court in *Stillwell* did not impose a per se rule that the position of the government is substantially justified whenever a case of first impression is involved. Nor could it. *See Devine v. Sutermeister,* 733 F.2d 892, 895 (Fed.Cir. 1984) (novelty of the government's position could not compensate for the paucity of support in favor of that position). The Court in *Stillwell* also evaluated whether "the statutory scheme to be considered is complex, or ... the analysis required, even for a straightforward statute, is 'exceptional'". *Stillwell,* 6 Vet.App. at 303 (citing *Pottgieser v. Kizer,* 906 F.2d 1319, 1324 (9th Cir.1990)). In *Stillwell,* because the laws and regulations presented a " 'confusing tapestry,' *Hatlestad v. Derwinski,* 1 Vet.App. 164, 167 (1991); *Hyder v. Derwinski,* 1 Vet.App. 221, 224 (1991), in which the meaning is not easily discerned", the Court held that "the BVA's misinterpretation appears to be no more than a reasonable mistake". *Stillwell,* 6 Vet.App. at 303 (citing *Pottgieser,* 906 F.2d at 1324); *see also Gregory II,* 7 Vet.App. at 128–29.

As to the instant case, the Board's mistaken interpretation of 38 C.F.R. § 3.356 in its March 19, 1993, decision is no less reasonable, and would appear to be more so, than the Secretary's unlawful promulgation of the regulation at issue in *Stillwell,* 38 C.F.R. § 3.53(a). In both cases, there was a complex regulatory interpretation and implementation of a statute, and in both cases the government erred as to what point in time was crucial for the determination of eligibility for benefits. As to *Stillwell,* in promulgating 38 C.F.R. § 3.53, the Secretary failed to focus on the conduct of the spouse at the time of separation. As to the instant case, in interpreting 38 C.F.R. § 3.356, the Board failed to focus on the condition of the veteran's child as of his eighteenth birthday. If anything, the statutes and regulations at issue in *Dobson* were more of a "confusing tapestry" than the statutes and regulations at issue in *Gregory I* and *Gregory II,* because

in *Dobson* the Court held that the statute required a two-part test. The first part of the test requires, analogously to *Gregory,* that only evidence regarding the child's condition as of the child's eighteenth birthday be considered; then, if the child is found to have been disabled as of his or her eighteenth birthday, the second part of the two-part test requires consideration of evidence as to the current condition of the child. *Dobson,* 4 Vet.App. at 445–46. Thus, given that the Secretary's position was substantially justified in *Stillwell* and *Gregory,* the Secretary's position in the instant case was substantially justified as well.

### III. Conclusion

The Court holds that the government's position was substantially justified in the litigation phase, because VA initiated a joint remand pursuant to the Court's decision in *Dobson,* and in the merits phase, because the Secretary reasonably, although erroneously, misinterpreted a "confusing tapestry" of law. The appellant's application for EAJA fees and expenses is thus DENIED.