Citation Nr: 1710361 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 12-04 063 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center in Wichita, Kansas


THE ISSUE

Entitlement to death pension benefits.


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

L. Barstow, Counsel


INTRODUCTION

The Veteran had active military service from May 1953 to April 1955. He died in February 2004, and the appellant is his daughter. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2011 decision of the VA Pension Management Center at the Regional Office (RO) in St. Paul, Minnesota. Due to the location of the appellant's residence, jurisdiction of her appeal is with the RO in Wichita, Kansas. 

In August 2012, the appellant testified at a hearing conducted before the undersigned. A transcript of hearing has been associated with the claims file.

The case was remanded in October 2014 to provide the appellant with notice of VA's duties to notify and assist and to obtain her Social Security Administration (SSA) records. Review of the record indicates substantial compliance. See Stegall v. West, 11 Vet. App. 268, 271 (1998). 


FINDINGS OF FACT

1. The Veteran died in February 2004.

2. The appellant was born in August 1974.

3. The appellant has not been shown to have been permanently incapable of self-support by reason of a mental or physical condition prior to attaining the age of 18 years.



CONCLUSION OF LAW

The appellant does not meet the basic eligibility requirements for death pension benefits. 38 U.S.C.A. § 1542 (West 2014); 38 C.F.R. § 3.24 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. VA's Duties to Notify and Assist

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and her representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b). In accordance with 38 C.F.R. § 3.159(b)(1), proper notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. Such notice should also address VA's practices in assigning disability evaluations and effective dates for those evaluations. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). While the required notice should be furnished prior to the issuance of the appealed rating decision, any initial errors of notice will not be prejudicial if: 1) corrective actions (e.g., issuance of a post-adjudication notice letter containing the required information) are taken, and 2) the appeal is readjudicated (e.g., in a Supplemental Statement of the Case (SSOC)). See Mayfield v. Nicholson, 499 F.3d 1317 (Fed. Cir. 2007). 

In this case, a May 2015 letter was provided to the appellant in accordance with 38 C.F.R. § 3.159(b)(1). Following the letter, the appellant's claim was readjudicated in a July 2016 SSOC. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that the Veterans Law Judge (VLJ) who chairs a Board hearing fulfill two duties to comply with 38 C.F.R. § 3.103(c) (2016). These duties consist of 1) fully explaining the issues and (2) suggesting the submission of evidence that may have been overlooked. Here during the hearing the undersigned VLJ sought to identify any pertinent evidence not currently associated with the claims folder that might have been overlooked, or was outstanding that might substantiate the claim. The appellant has not asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2), and no prejudice has been identified in the conduct of the Board hearing.

VA also has a duty to assist the appellant with the development of facts pertinent to the appeal. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). This duty includes the obtaining of "relevant" records in the custody of a Federal department or agency under 38 C.F.R. § 3.159(c)(2), as well as records not in Federal custody (e.g., private medical records) under 38 C.F.R. § 3.159(c)(1). VA will also provide a medical examination if such examination is determined to be "necessary" to decide the claim. 38 C.F.R. § 3.159(c)(4).

In this case, the appellant's SSA records were obtained; no other relevant records have been identified. 

II. Analysis

Death pension is a benefit payable to a veteran's surviving child because of the veteran's nonservice-connected death. Basic entitlement exists if (i) the veteran served for ninety days or more during a period of war; or (ii) was, at the time of death, receiving or entitled to receive compensation or retirement pay for a service-connected disability; and (iii) the surviving spouse or child meets the net worth requirements of 38 C.F.R. § 3.274 and has an annual income not in excess of the maximum annual pension rate specified in 38 C.F.R. §§ 3.23 and 3.24. See 38 U.S.C.A. §§ 101(8), 1521(j), 1541(a) (West 2014); 38 C.F.R. §§ 3.3(b)(4); 3.23, 3.24 (2016). 

Generally, an individual is a child of a veteran if she is the biological or adopted child or stepchild of the veteran, and is an unmarried person who either: is (1) under the age of 18; (2) "shown to [have been] permanently incapable of self-support by reason of mental or physical defect at the date of attaining the age of 18 years;" or (3) after attaining the age of 18 years and until completion of education or training (but not after attaining the age of 23 years), is pursuing a course of instruction at an approved educational institution. 38 U.S.C.A. § 101(4)(A)(ii); 38 C.F.R. §§ 3.57, 3.356; Dobson v. Brown, 4 Vet. App. 443, 445 (1993). The issue is one of fact premised on competent evidence in the individual case. Bledsoe v. Derwinski, 1 Vet. App. 32, 33 (1990). 

The appellant's birth certificate shows that she was born in August 1974. Her claim was filed in April 2011; therefore, she is over 23 years of age. Given her age, the appellant may be considered as the child of the Veteran for VA purposes only if she is "shown to [have been] permanently incapable of self-support by reason of mental or physical defect at the date of attaining the age of 18 years."

The standard is that the evidence must show that the child does not have the capacity for self-support. See Bledsoe, 1 Vet. App. 32. An adjudicatory body's focus in such cases must be on the claimant's condition at the time of her 18th birthday. Dobson at 445. Initially, VA must determine whether the evidence shows the child to have been incapable of self-support as of his or her 18th birthday. Id. If so, the second part of the two-part test requires consideration of evidence as to the current condition of the child. Id. 

Under 38 C.F.R. § 3.356(b), rating determinations will be made solely on the basis of whether the child is permanently incapable of self-support through her own efforts by reason of physical or mental defects. The question of permanent incapacity for self-support is one of fact for the rating agency to determine based on competent evidence of record in each individual case. Rating criteria applicable to disabled veterans are not considered controlling. Several factors are for consideration.

1) Evidence that a claimant is earning her own support is prima facie evidence that he is not incapable of self-support. Incapacity for self-support will not be considered to exist when the child, by her own efforts, is provided with sufficient income for her reasonable support;

2) A child shown by proper evidence to have been permanently incapable of self-support prior to the date of attaining the age of 18 years, may be so held at a later date even though there may have been a short intervening period or periods when her condition was such that she was employed, provided the cause of incapacity is the same as that upon which the original determination was made and there were no intervening diseases or injuries that could be considered major factors. Employment which was only casual, intermittent, tryout, unsuccessful, or terminated after a short period by reason of disability, should not be considered as rebutting permanent incapability of self-support otherwise established;

3) Employment of a child prior or subsequent to the delimiting age may or may not be a normal situation, depending on the educational progress of the child, the economic situation of the family, indulgent attitude of parents, and the like. In those cases where the extent and nature of disability raises doubt as to whether they would render the average person incapable of self-support, factors other than employment are for consideration. In such cases it should be considered whether the daily activities of the child in the home and community are equivalent to the activities of employment of any nature within the physical or mental capacity of the child which would provide sufficient income for reasonable support. Lack of employment of the child either prior to the delimiting age or thereafter should not be considered as a major factor in the determination to be made, unless it is shown that it was due to physical or mental defect and not to mere disinclination to work or indulgence of relatives or friends; and

4) The capacity of a child for self-support is not determinable upon employment afforded solely upon sympathetic or charitable considerations and which involved no actual or substantial rendition of services. 

38 C.F.R. § 3.356(b) (2016).

A February 1990 VA Form 21-0517, "Improved Pension Eligibility Verification Report (Veteran with Children)," reveals that the appellant drew benefits from the Veteran's Social Security income. 

Records from SSA include a January 2004 psychological test results report. The record shows that the appellant was in special education classes from seventh to eleventh grade. She reportedly quit school and did not have a GED. The appellant reported working since age 16 in jobs such as maintenance, assembly, dishwashing, housecleaning, and babysitting. She reported that her jobs seldom lasted more than one or two months. The appellant reported that her longest job was for eight months in about 1998. She reported working again from April to July 2001 and from October to December 2001. The appellant reported that she had to quit due to backache, panic attacks, and depression. She reported that her depression started at age 16, panic attacks started in 1997, and a back problem started in 1999. She reported that she would typically get exhausted and depressed and develop a lot of back pain, so she would quit a job. The report shows that the Veteran was considered disabled in 2001 at the age of 27. 

An October 2007 mental status examination shows that the appellant denied having any physical problems or handicaps as a child. She reported that she left her last employment in 2001 because it was "too stressful" and she could not "keep up." She reported that she earned positive work reports. 

A September 2010 SSA decision awarded the appellant disability benefits effective the date of her claim in 2007. The decision shows that her impairments included major recurrent depression with psychotic features; borderline intellectual functioning; and a history of mixed substance abuse. 

At her hearing, the appellant testified that she was 29 years old at the time of her father's death. August 2012 Hearing Transcript (T.) at 3. The appellant testified about receiving Social Security benefits from her father until she turned 18. Id. She testified that during her adult life, she had pretty much been self-sufficient. Id. The appellant also testified that her dad helped her a little, but that nobody took care of her. Id. at 3-4. She testified that she believed she was entitled to death pension benefits as she is the Veteran's only daughter and his survivor. Id. at 5. She also testified that she believed she was entitled to something as the Veteran did raise her. Id. at 6. 

Based on a review of the evidence, the Board concludes that the appellant is not entitled to death pension benefits. As noted above, the appellant was well over the age of 23 when she filed her claim. Consequently, the appellant can only receive benefits if she meets VA's definition of a helpless child. However, after reviewing the evidence, the Board finds that she does not meet VA's definition of a helpless child. 

The relevant evidence of record does not show that the appellant was permanently incapable of self-support by reason of mental or physical defect before she attained the age of 18 years in August 1992. As discussed above, she specifically testified that she was "pretty much" self-sufficient as an adult. She testified that while the Veteran helped a little, nobody took care of her. The record shows that she maintained employment until 2001, well after she turned 18, even though such appears to have been sporadic. The evidence does not show, nor does the appellant contend, that prior to her 18th birthday, she was permanently incapable of self-support by reason of mental or physical defect. The January 2004 psychological test results report reveals that the appellant reported that she had to stop working because of backache, panic attacks, and depression. While her depression reportedly began when she was 16, she reported that her panic attacks did not start until 1997 and her back problem started in 1999. As she turned 18 in 1992, her panic attacks and back problems began after she was an adult. Also, the October 2007 record shows that she denied any physical problems or handicaps as a child. Consequently, based on the appellant's own testimony and her SSA records, the evidence does not support a finding that she was permanently incapable of self-support by reason of mental or physical defect before she attained the age of 18 years.

Additionally, although the evidence shows that the appellant received Social Security benefits as a child, such was a result of the Veteran receiving benefits. The evidence does not show, nor does the appellant contend, that she received disability benefits from the SSA prior to the 2010 decision granting benefits back to 2007. 

The Board is sympathetic to the appellant's claim as the evidence suggests that she is currently incapable of self-support as evidenced by her receipt of SSA benefits. The Board is also sympathetic that the appellant is the Veteran's only child and his survivor. However, for the reasons set forth above, the evidence shows that she was not permanently incapable of self-support by reason of mental or physical defect prior to the age of 18.

In light of the Board finding that the appellant is not a helpless child, she does not meet the eligibility requirements for death pension benefits. Based on this evidentiary posture, the Board concludes that the preponderance of the evidence is against the appellant's claim for death pension benefits. The appellant is not a helpless child on the basis of permanent incapacity for self-support before attaining the age of 18 years and is therefore not entitled to death pension benefits. As the preponderance of the evidence is against this claim, the benefit-of-the-doubt rule does not apply, and the appellant's claim of entitlement to death pension benefits is denied. See 38 U.S.C.A §5107 (West 2014). 


ORDER

Entitlement to death pension benefits is denied.



____________________________________________
A. C. MACKENZIE 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs