Citation Nr: 1725259 
Decision Date: 06/20/17 Archive Date: 07/17/17

DOCKET NO. 12-11 934 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Whether the appellant is a helpless child for VA purposes. 


WITNESSES AT HEARING ON APPEAL

Appellant, appellant's mother. 


ATTORNEY FOR THE BOARD

J. T. Sprague, Counsel




INTRODUCTION

The Veteran had active service in the United States Air Force from April 1959 to July 1976; he died on active duty. The Veteran's surviving spouse is the appellant's mother, and the appellant was the stepchild of the Veteran. That is, she was a minor child living with the Veteran and her mother at the time of the Veteran's death. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 

The appellant appeared at a Travel Board hearing in January 2017. A transcript is of record. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The appellant, as the stepchild of the Veteran at the time of the Veteran's death, qualifies as the Veteran's "child" for VA purposes. 

2. The evidence of record supports a finding that the appellant has significant mental and physical impairments which have only allowed for very minimal periods of sporadic employment attempts in the community; she is profoundly disabled and became incapable of self-support prior to reaching her 18th birthday. 




CONCLUSION OF LAW

The appellant is a helpless child of the Veteran for VA purposes. 38 U.S.C.A. §§ 101(4)(A), 1542, 5107 (West 2014); 38 C.F.R. §§ 3.57, 3.356 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The appellant is the adult child of P.E, the widow of the Veteran who is in receipt of death and indemnity compensation (DIC) benefits for the cause of the Veteran's death. The Veteran died in active military service while a member of the United States Air Force. At the time of the Veteran's death, the appellant was a minor child in the Veteran's household and was his stepchild. The appellant, through arguments forwarded by her mother, contends that she is permanently incapable of self-support and that she incurred such a status prior to the age of 18. She argues that she is a helpless child for VA purposes, and the Board agrees. 

 A Veteran's child will be determined permanently incapable of self-support if shown, by reason of mental or physical defect, to be permanently incapable of self-support as of his or her 18th birthday. 38 C.F.R. § 3.356(a) (2016). The question of permanent incapacity for self-support is one of fact for determination by the rating agency on competent evidence of record in the individual case. 38 C.F.R. § 3.356 (b) (2016). Incapacity for self-support will not be considered to exist when the child by his or her own efforts is provided with sufficient income for his or her own support. 38 C.F.R. § 3.356 (b)(1) (2016). Rating criteria applicable to disabled veterans are not controlling. 

Importantly, to establish "helpless child" status, the child's condition subsequent to the 18th birthday is not for consideration. In cases such as this, the "focus of the analysis must be on the claimant's condition at the time of his or her 18th birthday." Dobson v. Brown, 4 Vet. App. 443, 445 (1993). 

A child shown by proper evidence to have been permanently incapable of self-support prior to the age of 18 years may be so held at a later date, even though there may have been a short intervening period or periods when his or her condition was such that he or she was employed, provided that the cause of the incapacity is the same as that upon which the original determination was made and there were no intervening diseases or injuries that could be considered major factors. 

Employment that was only casual, intermittent, tryout, unsuccessful, or terminated after a short period by reason of disability, should not be considered as rebutting permanent incapacity for self-support otherwise established. 38 C.F.R. § 3.356(b) (2016).

Employment of a child prior to or subsequent to the delimiting age may or may not be a normal situation, depending on the educational progress of the child, the economic situation of the family, indulgent attitude of parents, and similar circumstances. In those cases where the extent and nature of the disability raises some doubt as to whether they would render the average person incapable of self-support, factors other than employment are for consideration. In such cases there should be consideration as to whether the daily activities of the child in the home and community are equivalent of employment of any nature within the physical or mental capacity of the child which would provide sufficient income for reasonable support. Lack of employment of the child, either prior to the delimiting date or thereafter, should not be considered a major factor in the determination to be made unless it is shown that it was due to physical or mental defect and not to mere disinclination to work or indulgence of relatives or friends. 38 C.F.R. § 3.356 (b) (2016).

The capacity of a child for self-support is not determinable upon employment afforded solely upon sympathetic or charitable considerations and which involved no actual or substantial rendition of services. 38 C.F.R. § 3.356 (b) (2016).

For VA purposes, a recognized "child" of the Veteran includes a stepchild who acquired that status before the age of 18 years and who was a member of the Veteran's household at the time of the Veteran's death. 38 C.F.R. § 3.57(a) (2016). A child of the surviving spouse of the Veteran, whose marriage to the Veteran is deemed valid under the provisions of 38 C.F.R. § 3.52, and who otherwise meets the requirements of 38 C.F.R. § 3.57, is included. 38 C.F.R. § 3.57(b) (2016). 

The appellant was born in March 1966 and is the child of the appellant. The Veteran died in July 1976 while serving on active duty in the Air Force, and at that time, he was married to the appellant' mother, who is the Veteran's surviving spouse. The appellant was 10 years of age and lived in the household of the Veteran at the time of the Veteran's death, and accordingly, qualifies as a stepchild, and hence a "child" of the Veteran for the purposes of entitlement to VA benefits. At issue is whether the appellant qualifies as being incapable of self-support (i.e. is helpless) for VA purposes. 

In July 2009, an orthopedic surgeon from the University of Texas medical system authored a letter in which he described the appellant as experiencing Holt-Oram, also known as Heart-Hand, syndrome. This is a congenital condition which has produced "deformities of both upper arms, wrists, and hands" with additional "cardiac problems." In addition, there is a "diminished mental capacity" which, in addition to the physical impairments, has mandated "life-long care" from her mother. The problems have been present "since birth," and the physician noted that "there is no doubt that [the appellant] has been incapable of caring for herself" or "[been] able to care for herself" at any point prior to reaching the age of 18. Indeed, the physician noted that "specifically prior to age 18," the appellant was so severely disabled as to not be capable of self-support. 

In addition to this medical letter, the appellant submitted a letter from one of her special education teachers from high school. This educator noted that "during my time as a special education teacher, I became acquainted with the [appellant.]" She reported that the appellant was "born with physical and mental disabilities" and that she "has very small, under-developed arms and hands." The appellant's heart condition was described as limiting physical performance, and the intellectual capacity estimated for placement into the special education program was deemed equivalent to a fourth or fifth grade child. 

The only evidence suggestive of the appellant being capable of self-support comes, purportedly, from a 2003 private assessment which described the appellant as being able to graduate from high school and obtain an Associate's Degree as a teaching assistant. This was specifically refuted by the appellant's mother, who, in the January 2017 hearing, noted that the appellant had never completed any degree program and her high school education was completed only by intensive special education to address her unique special needs. The appellant has been in receipt of Social Security Administration disability benefits since the age of 25 (appellant's mother did not file a claim upon the appellant turning 18), and a review of the SSA earnings summary shows only minimal incomes in very sporadic yearly groupings over the course of the last three decades. Indeed, the appellant's mother noted that her high school tried to place the appellant into some type of employment in the community proximate to her reaching age 18; however, the appellant was never able to successfully complete any significant duration in an employed capacity due to her physical and mental ailments. The appellant's mother has assisted the appellant with dressing, feeding, and the basic necessities of daily functioning. 

Based on the testimony forwarded by the appellant's mother, her former special education teacher, and her treating surgeon, it is clear that the appellant experiences a severe congenital disability in the form of Holt-Oram syndrome. The incapacitating nature of this disorder dates to the appellant's birth, and she has only been able to function with, at most, the intellectual capacity of a 10 or 11-year-old child throughout her lifetime. Given this, it is easily concluded that prior to and upon reaching her 18th birthday, the appellant was incapable of self-support and is a helpless child for VA purposes. Accordingly, her claim to be recognized as such for the purposes of administering VA benefits is granted. 


ORDER

The appellant is recognized as the Veteran's helpless child for the purposes of entitlement to VA benefits; the claim is granted. 



____________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs