﻿Citation Nr: 19172617
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 15-14 176A
DATE: September 18, 2019

ORDER

Recognition of J.C. as the helpless child of the Veteran on the basis of permanent incapacity for self-support prior to attaining the age of 18, is granted.

FINDING OF FACT

J.C. has been shown to have been permanently incapable of self-support prior to attaining the age of 18.

CONCLUSION OF LAW

The criteria for recognition of J.C. as a “helpless child” of the Veteran have been met. 38 U.S.C. § 101(4)(A) (2012); 38 C.F.R. § 3.356 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran, who is the appellant in this case, served on active duty from October 1974 to October 1978.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a December 2011 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran testified at a February 2019 Board Videoconference hearing before the undersigned Veterans Law Judge. A copy of the hearing transcript is associated with the claims file.

The Board has limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016).

Entitlement to recognition of J.C. as the helpless child of the Veteran on the basis of permanent incapacity for self-support prior to attaining the age of 18.

The Veteran contends that his daughter, J.C., was rendered incapable of self-support prior to attaining the age of 18.

For purposes of determining eligibility as a claimant, a child must be unmarried and either must be under the age of 18, have become permanently incapable of self-support before the age of 18, or be between the ages of 18 and 23 and pursuing a course of instruction at an approved educational institution. 38 U.S.C. § 101(4)(A)(ii); 38 C.F.R. §§ 3.57(a)(1), 3.356. 

To establish entitlement to the benefit sought on the basis of being a helpless child, various factors under 38 C.F.R. § 3.356 are for consideration. See 38 C.F.R. § 3.356. The principal factors for consideration are: 

(1) The fact that a claimant is earning his or her own support is prima facie evidence that he or she is not incapable of self-support. Incapacity for self-support will not be considered to exist when the child by his or her own efforts is provided with sufficient income for his or her reasonable support. 

(2) A child shown by proper evidence to have been permanently incapable of self-support prior to the date of attaining the age of 18 years, may be so held at a later date even though there may have been a short intervening period or periods when his or her condition was such that he or she was employed, provided the cause of incapacity is the same as that upon which the original determination was made and there were no intervening diseases or injuries that could be considered as major factors. Employment which was only casual, intermittent, tryout, unsuccessful, or terminated after a short period by reason of disability, should not be considered as rebutting permanent incapability of self-support otherwise established. 

(3) It should be borne in mind that employment of a child prior or subsequent to the delimiting age may or may not be a normal situation, depending on the educational progress of the child, the economic situation of the family, indulgent attitude of parents, and the like. In those cases where the extent and nature of disability raises some doubt as to whether they would render the average person incapable of self-support, factors other than employment are for consideration. In such cases there should be considered whether the daily activities of the child in the home and community are equivalent to the activities of employment of any nature within the physical or mental capacity of the child which would provide sufficient income for reasonable support. Lack of employment of the child either prior to the delimiting age or thereafter should not be considered as a major factor in the determination to be made, unless it is shown that it was due to physical or mental defect and not to mere disinclination to work or indulgence of relatives or friends. 

(4) The capacity of a child for self-support is not determinable upon employment afforded solely upon sympathetic or charitable considerations and which involved no actual or substantial rendition of services. 

The Court of Appeals for Veterans Claims (Court) has held that, in “helpless child” cases, the focus must be on the claimant’s condition at the time of his or her 18th birthday. See Dobson v. Brown, 4 Vet. App. 443, 445 (1993). In other words, for purposes of initially establishing helpless child status, the claimant’s condition subsequent to his or her 18th birthday is not for consideration. If a finding is made that a claimant was permanently incapable of self-support as of his or her 18th birthday, however, then evidence of the claimant’s subsequent condition becomes relevant for the second step of the analysis, that is, whether there is improvement sufficient to render the claimant capable of self-support. Id. If the claimant is shown to be capable of self-support at age 18, VA is required to proceed no further. Id. 

By way of background, the Veteran’s daughter, J.C., attained the age of 18 in November 2006. The Veteran contends that J.C. constitutes a helpless child because she became incapable of self-support prior to the age of 18 due to her disabilities.

Based on the evidence of record, the Board finds that J.C. was rendered incapable of self-support prior to attaining the age of 18. The evidence of record establishes that she was a “helpless child” prior to the age of 18 due to her disabilities. 

A July 2007 learning disability and psychological evaluation report indicated that J.C. had diagnoses of a reading disorder, a disorder of written expression, a mathematics disorder, mild mental retardation, and cerebrum ataxia. As a result of damage to the cerebellum, J.C. experienced poor balance and recurrent falls, and she had broken her arm twice from falling. She had delays in social development and activities of daily living. She did not do her laundry, cook on a stove top, drive a vehicle, take public transportation, or perform her own daily grooming activities. She was able to bathe herself and make simple sandwiches. J.C.’s articulation and thought processes were impaired, while her concentration, attention span, and ability to use good judgement when confronting practical situations were fair. She was easily distracted, but also easily redirected when she became distracted. Her reading, writing, and math skills were at a second grade level, and her broad oral language skills were at a third grade level. The evaluating neuropsychologist opined that J.C. had severe functional limitations in writing, spelling, and mathematics. The neuropsychologist further opined that in a vocational setting, J.C. would have difficulty solving problems presented orally or visually, difficulty with occupations that involved reading and writing, difficulty understanding oral directions, and difficulty in occupations that required her to use mathematics. 

In a January 2012 letter, J.C.’s treating psychiatrist stated that J.C. had been diagnosed with major depression disorder and mild mental retardation, along with reading disorder, disorder of written expression, and cerebrum ataxia. The psychiatrist opined that J.C. is totally incapacitated for any type of work.

During the February 2019 Board hearing, the Veteran and his wife indicated that J.C. attempted to work for a Whataburger for two months, with accommodations, and had not worked since that time. She is living with the Veteran and his wife. 

The Board notes that J.C. attempted to work at one point, but such employment was unsuccessful and was terminated after a short period due to disability. Thus, this employment attempt does not indicate that she has ever been able to sustain employment or capable of self-support.

Given that J.C.’s disabilities clearly existed prior to her becoming 18 and rendered her unable to sustain employment, the evidence supports a finding that she was permanently incapable of self-support prior to the age of 18. Therefore, the Board finds that the Veteran’s daughter, J.C., meets the definition of a helpless child for purposes of VA benefits.

 

 

GAYLE STROMMEN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Thomas, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.