Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 210526-162441
DATE: June 30, 2021

ORDER

The Veteran's daughter, J.D., is not entitled to recognition as a helpless child on the basis of permanent incapacity for self-support.

FINDING OF FACT

The Veteran's daughter, J.D., was not permanently incapable of self-support by reason of a mental or physical defect before attaining the age of 18 years.

CONCLUSION OF LAW

The criteria to establish the Veteran's daughter, J.D., as a helpless child for purposes of VA compensation have not been met. 38 U.S.C. § 101(4)(A); 38 C.F.R. §§ 3.57, 3.356.

 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from August 1964 to May 1967. J.D. is his adult daughter.

This appeal comes before the Board of Veterans' Appeals (Board) under the Appeals Modernization Act (AMA) review system. 84 Fed. Reg. 138 (Jan. 18, 2019).

By way of history, a June 2018 rating decision found that the Veteran's daughter, J.D., was not entitled to recognition as the Veteran's helpless child on the basis of permanent incapacity for self-support prior to attaining age 18. In November 2020, the Veteran filed a Supplemental Claim again requesting recognition of J.D. as his helpless child. In January 2021, the AOJ issued a rating decision finding that the Veteran's daughter, J.D., was not entitled to recognition as a helpless child. In February 2021, the Veteran requested a higher-level review and the AOJ issued the higher-level review decision in April 2021 again finding that J.D. was not entitled to recognition as a helpless child. Under the AMA, the Board is bound by the AOJ's favorable findings, including its decision to readjudicate the Veteran's claim on the merits. 38 C.F.R. § 3.104(c). 

The Veteran timely appealed the April 2021 rating decision to the Board and requested Direct Review of the evidence considered by the AOJ. With this election, the Board may only consider the evidence of record at the time of the April 2021 decision on appeal. See 38 C.F.R. § 20.301. To the extent the Veteran or his representative wishes for VA to consider evidence added to the record after this time, the Veteran may file a Supplemental Claim and submit or identify this evidence. See 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Helpless Child

The Veteran contends that his daughter, J.D., is entitled to recognition as his helpless child on the basis of permanent incapacity for self-support prior to attaining age 18. 

The term "child", in pertinent part, is an unmarried person who, before reaching the age of 18 years, became permanently incapable of self-support by reason of mental or physical defect. 38 U.S.C. § 101(4); 38 C.F.R. § 3.57, 3.356(a). The focus of analysis is on the child's condition at the time of her 18th birthday. It is that condition which determines whether entitlement to the status of "child" should be granted. See Dobson v. Brown, 4 Vet. App. 443 (1993). 

A claimant's ability to earn her own support is prima facie evidence that she is not incapable of self support. 38 C.F.R. § 3.356(b). Incapacity for self support does not exist when the child by her own efforts is provided with sufficient income for her reasonable support. Id. Employment that is casual, intermittent, tryout, unsuccessful, or terminated after a short period by reason of disability, should not be considered as rebutting permanent incapability of self-support otherwise established. 

J.D. was born in August 1976 and attained the age of 18 in August 1994. 

The medical evidence indicates that J.D. had a history of chronic abdominal pain resulting in multiple hospitalizations and a right hemicolectomy in 2012. J.D. then underwent a partial gastrectomy with the placement of gastrostomy and jejunostomy tubes in 2013. In March 2014, J.D. underwent a surgical replacement of her jejunostomy tube, which was complicated by a bowel perforation. Following the placement of four abdominal drains in treatment of this complication, J.D. developed an acute onset of left-sided weakness. A March 2014 medical workup revealed that J.D. had suffered an infarct of the middle cerebral artery (stroke) with left hemiplegia. 

In a July 2014 application for disability benefits from the Social Security Administration (SSA), J.D. indicated that from January 2001 to April 2014, she worked for a number of employers, including a beauty supply store, gas stations, a grocery store, a motel, and a drug store. J.D. described working up to 8 hours a day, 6 days a week for these employers, engaging in activities such as sales, taking and delivering orders, stocking, lifting, paying invoices, entering data, and working at a cash register. J.D. alleged that she became unable to function or work in April 2014 following her stroke. In January 2015, the SSA found the J.D.'s disability began on her application date of July 2014. 

In June 2014, Dr. J.H., a private physician who had treated J.D. following her stroke, stated that J.D. had "some disability her entire life dating to problems with her urinary system leading to recurrent infections, pyelonephritis, and chronic back pain first noted when she was only two years old". Dr. J.H. stated that J.D. subsequently developed renal tubular acidosis, and "in the last few years", J.D. developed a nonfunctioning bowel as a result of the treatment of her chronic pain with opiates. J.D. required a series of abdominal surgeries beginning in 2012, which resulted in multiple complications and required a feeding jejunostomy, which was "enough to make her unable to work". Dr. J.H. stated that J.D. was nonetheless able to manage her own personal care until her March 2014 stroke. Dr. J.H. stated that J.D. was now "the permanent dependent" of the Veteran. 

In October 2015, the Veteran alleged that J.D. had not been employed for years. 

Turning to an analysis of this evidence, the weight of the evidence does not support a finding that J.D. was permanently incapable of self-support before attaining the age of 18, nor has J.D. herself so alleged. Instead, the record, including J.D.'s own statements in her July 2014 application for SSA disability benefits, shows that J.D. maintained employment until she suffered a stroke in March 2014, at which time she became unable to work. While the Board has considered the June 2014 opinion of Dr. J.H. that J.D. had suffered from "some disability her entire life", Dr. J.H. similarly stated that J.D. was able to manage her personal care until her March 2014 stroke. 

Indeed, as discussed above, the record establishes that prior to March 2014 J.D. was not only capable on her own personal care but that she was also employed in a full-time capacity. Unfortunately, as also indicated, events transpired in 2014, which was approximately 20 years after the Veteran reached the age of 18 years, that significantly changed her ability to work and provide for her own self care.

For these reasons, the Board concludes that the weight of the evidence is against a finding that J.D. became permanently incapable of self support by the time she reached the age of 18 in August 1994. The Veteran's claim is denied. 

 

 

MICHAEL A. HERMAN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J.A. Flynn, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.